WALTERS *vs.* HARGROVE, commissioner, *et al.*

The sale of property by commissioner or master in chancery is always subject to confirmation or rejection by the chancellor, and a large discretion is given him in the premises; and where the entire property is sold in parcels, and yet these parcels are connected together so that the price or purchase of one piece is dependent somewhat on that of another, and where the purchaser of one parcel had failed to comply with the terms of sale, and the commissioner had sold all over again, that discretion is not abused in confirming the last sale and rejecting the first bid; especially when the chancellor offered to have all re-sold if the bidder at the first sale desired it.

Sales. Equity. New trial. Before Judge UNDERWOOD. Floyd Superior Court. January Adjourned Term, 1878.

Hargrove was appointed commissioner by the superior court of Floyd county to sell the property of the Ridge Valley Iron Company, which was in litigation. He offered the land at cash sales in parcels. · The first was bid off by one Elliott, and the second was put up and bid off by Walters. Elliott, however, failed to pay the cash, and the com-
18

missioner thought it best to re-sell the whole land, which he did.   Walters objected and tendered the amount of his bid, but the commissioner nevertheless re-sold.   On the second sale the lot brought more than on the first.   Walters filed objections to the commissioner's report of sale.   The court sustained the sale, but offered to order a re-sale, if he would petition therefor.   He declined to do so, and excepted.

DANIEL S. PRINTUP, for plaintiff in error, cited 15 M. & W., 367 ; Code, §§2619-2630 ; Benj. on Sales, §§472, 473.

JOEL BRANHAM, for defendant, cited (as to discretion of chancellor in such matters) Daniel's Ch. Pr., (4 Ed.) 1285-1287, 1274 ; Rorer on Jud. Sales, §§104, 124, 129 ; High on Rec'rs., 199 ; Bouv. L. Dic., " Judicial Sales ;" 4 Wash. C. C., 322.

JACKSON, Justice.

It will be seen that these parcels of land were parts of one main tract for one great manufacturing enterprise, and the commissioner in equity thought it best to sell the whole estate at one time, and when one bidder failed to comply to sell all over.   The first bidder who was ready to pay for his purchase complained, but the chancellor confirmed the last sale.   We think he was authorized to do so.   A large discretion is vested in him in passing on these equity sales. The sale is never consummated until he does confirm it, and in the order here this reservation is expressly made.   Rorer on Judicial Sales, §§104, 124, 129 ; High on Rec., 137 ; Dan'ls Chan. Prac., §§1274, 1285-6-7.

But the record shows that the chancellor gave the first bidder, Walters, the option to try again, which he refused or declined.   He was hard to please.   We think that the court did exactly right, and must affirm the judgment.   The property, as a whole, brought several hundred dollars more by the re-sale, and nobody was illegally hurt.

Judgment affirmed.