# CHARLESTON.

FREDERICK v. COX.

Submitted June 19, 1899—Decided November 18, 1899.

1. JUDICIAL SALE—*Title*.

The title of a purchaser of property under a decree or order
will not fall with its reversal or setting aside; he not being a
a party, and all persons holding an interest in the land sold
being parties. (p. 15.)

Appeal from circuit court, Ritchie County.

Bill of review by S. B. Frederick against F. M. & J. E.
Ferrell and others. Decree for plaintiff and defendant
Cox appeals.

*Reversed.*

ROBINSON & PIERPOINT and H. C. SHOWALTER, for ap-
pellant.

DAVIS & WOODS, for appellee.

BRANNON, JUDGE:

In a suit in equity in the circuit court of Ritchie County
of Ferrell & Ferrell against Frederick, to sell Frederick's
land for payment of judgments, there was a decree for its
sale, under which it was sold to Ash and Patton, the sale
confirmed, and the land was conveyed under the decree of
confirmation by a commissioner to the purchasers, and
they conveyed it to Cox. Later a bill of review was filed by
Frederick to reverse these decrees, and they were re-
versed, the deed to the purchasers cancelled, the deed
from the purchasers to Cox cancelled, and the land re-
stored to Frederick. Cox, who alone defended, alone ap-
peals.

The demurrer to the bill of review ought to have been
sustained. It showed no right to relief as to Cox, the de-
murrant. It showed that a sale had been made under a
decree and confirmed, and a deed made to the purchasers,

Ash and Patton, and that they had sold and conveyed the land to Cox; and I cannot see how a decree could be made, not only reversing the former decrees, but canceling both the deed from the commissioner under the decree to the purchasers, Ash and Patton, and the deed from Ash and Patton to Cox, and restoring the land to Frederick by writ of possession, thus taking away from the purchasers and their vendee all title, in the face of Code 1891, chapter 132, section 8, saying: "If a sale of property be made under a decree or order of a court, and such sale be confirmed, though such decree or order be afterwards reversed or set aside, the title of the purchasers at such sale shall not be affected thereby; but there may be restitution of the proceeds of sale to those entitled." The purchasers were strangers to the cause. Most of the courts have held that an innocent purchaser's title does not fall with the reversal of the decree of sale, but the Virginia courts held otherwise; and this section was put in its Code of 1849 and in ours for the very purpose of avoiding that rule, and of giving some virtue and force to a title acquired at a judicial sale under a solemn decree of a court administering the law of the land, so that such sale would not be a mere bauble. Every one having any title or interest in the land sold at the date of its sale was before the court, and the purchasers were innocent strangers to it. There is not a particle of evidence to sustain the bill of review for newly-discovered evidence bearing on the decree, even if there is any error in law, which I do not discern, and it is immaterial; but in either case the purchasers' title cannot be affected. We cannot look into the depositions to find error of law, but, if we could, I do not see any error. Even if we treat the bill as original to affect the decree of confirmation, the evidence is utterly inadequate. It shows actual knowledge of the suit by Frederick, his negligence and want of defense, and that he had no defense, and knew of the decree of sale and of the notice of sale; and, besides, that he became tenant of the purchasers, told Cox to buy of them, and agreed to give him possession and estopped himself from claiming the land. He is only one of thousands,—an unfortunate debtor unable to pay. But the bill is one of review, and the title of the purchasers cannot be affected by a reversal of the decree of sale, however erroneous

The reversal of the two decrees, and the destruction of the title of Ash and Patton and Cox under them is erroneous. Besides, there could not be a decree adverse to that title without the purchasers as parties. Cox had right to have them before the court. The decree is reversed, and bill of review dismissed.

*Reversed.*