# CHARLESTON.

KLAPNECK & WHITE *v.* KELTZ *et al.*

50 331
59 243

Submitted June 22, 1901.   Decided November 30, 1901.

1. DECREE—*Sale Confirmed—Purchaser's Prejudice.*
    A motion to set aside a decree confirming a sale should show errors therein to the prejudice of the party complaining as against purchasers who are strangers to the suit and in no wise interested in the result thereof.   (p. 333).

2. DECREE OF SALE—*Title of Purchaser.*
    The reversal of a decree of sale ever so erroneous cannot affect the title of purchasers at a judicial sale, strangers to the suit. (p. 334).

3. DECREE OF CONFIRMATION—*Judicial Sale.*
    It is not the advertising nor bids private or public that make a sale judicial. The decree of confirmation alone gives it character as such and places it beyond attack for errors or irregularities which might have been taken advantage of prior to such decree.   (p. 334). ·

Appeal from Circuit Court, Marshall County.

Action by Klapneck & White against Henry Keltz and others. From a decree setting aside a decree confirming a sale under a decree against them, Killian Bader and Philip Maurer appeal. Reversed in so far as it reversed the decree of confirmation, and motion of Henry Keltz and wife overruled.

*Reversed.*

T. S. RILEY and HOWARD & HANDLAN, for appellants.

J. B. McCLURE and G. R. C. ALLEN, for appellees.

DENT, JUDGE:

Killian Bader and Philip Maurer complain of a decree of the circuit court of Marshall County setting aside a decree confirm-

ing a sale to them of a certain farm, known as the Poor House
Farm, rendered on the 1st day of April, 1899, in a chancery
cause therein pending against Henry Keltz to subject his prop-
erty to the payment of his debts. The appellants were not par-
ties to the original proceedings, but became purchasers of such
farm from the commissioner appointed to make sale thereof,
paying therefor the sum of four thousand five hundred dollars
cash, which was distributed among the creditors after payment
of the costs and expenses of sale. On the 2d day of November,
1899, Henry Keltz and Lucinda Keltz gave such purchasers and
the parties to the suit notice that on the 4th day of November,
1899, they would move the circuit court of Marshall County "to
reverse for errors therein the decree rendered and entered in the
suit of Mrs. J. Klapneck, etc., against themselves and others."
The decree to be reversed is not indicated, nor are any errors as-
signed. The circuit court under such notice entered the decree
complained of as follows: "It is ordered, decreed and adjudged
that the said decree made and entered on the 6th day of Novem-
ber, 1897, insofar as it authorizes the special commissioners ap-
pointed in said suit to take of any one or more persons desiring to
purchase the tracts of land or either of them or any part of either
of them (mentioned or referred to in said decree), a contract or
proposition in writing for the purchase thereof, which contract
or proposition shall be returned to the court, and if approved by
the court be thereupon treated as a sale of the real estate therein
described, but such proposition or contract shall not have any
binding effect until it is approved by the court," be and the same
is reversed, set aside and annulled; and it is further ordered, de-
creed and adjudged that the said decree made and entered on the
1st day of April, 1899, in the above entitled suit be and the same
is reversed, set aside and annulled, and further that the deed
dated 14th day of April, 1899, made by Robert White and I. F.
Jones, as special commissioners, in pursuance of the said decree
of the first day of April, 1899, to Killian Bader and Philip Maur-
er for the land described therein, be and the same is canceled, set
aside and annulled, and the said Killian Bader and Philip
Maurer have leave to file any petition they may desire as to their
subrogation to the rights of lienors on the land aforesaid, and
in respect to their allowance for any improvements they may
have made on the land aforesaid and any other matter that may
be proper to be set out in said petition, that the same may be prop-

erly determined by the court; and it is ordered that Robert White and I. F. Jones, as special commissioners, report to the court without delay their proceedings under the said decree of court made and entered on the first day of April, 1899, as well as of the proceedings under the decree of November 6, 1897."

The only apparent grounds for setting aside these decrees is that the court authorized the commissioners to take a private offer for the land or any part thereof and returning it to the court for its inspection and confirmation. The court did this from the fact that numerous attempts after proper and extensive advertisement had been made to sell the lands at public auction without receiving any sufficient bids therefor, as is recited in the decree of confirmation. "And it appearing from said report that after having extensively advertised the sale of the real estate directed to be sold by a former order in this cause and having offered it for sale at the front door of the court house of Marshall County on sixteen different days and failing to receive satisfactory offers for any part thereof, they discontinued their efforts to sell it at public sale. And under the authority vested in them by an order entered in this cause on the 6th day of November, 1897, continued their exertions to obtain offers at private sale for the several tracts of land included in said order of sale. That on the 26th day of February, 1899, Killian Bader and Philip Maurer signed a paper writing by which they agree to purchase the tracts of land mentioned in the order of sale in this cause as the Poor House Farm and a piece of one acre and sixty-three poles for the sum of four thousand five hundred dollars in cash, that said sum is the highest price they are offered for said parcels of land and that the proceedings under said order of sale have been in all respects regular,—there being no exceptions to said report the said agreement signed by Killian Bader and Philip Maurer is approved by the court and treated as a sale and said report and sale are hereby confirmed and said special commissioners are directed upon the receipt of said purchase money in full to convey said parcels of land to said Killian Bader and Philip Maurer by the description, metes and bounds set out in a deed for the same made by the county court of Marshall County, to Henry Keltz, dated on the 4th day of August, 1875." This offer was made to the court on the 26th day of February, 1899, and was not confirmed until the 1st day of April, 1899. No effort was made to prevent the confirmation of

the sale, although as shown by the affidavits filed but rejected by the court Henry Keltz was fully informed of the offer some time prior to its confirmtaion. Neither was there any effort made to set aside the decree of sale until after confirmation and the purchase money was fully paid and disbursed and the purchasers had entered and began the improvement of the land. The appellees insist that the court could only sell the land as provided in chapter 132 of the Code, and it must be by public auction after due advertisement as therein required, and that it has no power to proceed otherwise. It has been held that a court could sell publicly or privately as the interests of the parties might require. 17 Am. & En. En. Law (2d Ed.) 975; Rorer on Judicial Sales, p. 10, s. 15. Notwithstanding the statute there are circumstances under which for the purpose of doing equity and justice the court must have the power to make a sale of property withouł resort to public outcry. The object of adverttisement and public outcry is to get bidders, and when this fails the court has a fair and adequate offer from purchasers made direct to it through its commissioners, there is no good reason to urge why such offer should not be accepted and the sale made, otherwise, the property might be eaten up withe costs or so depreciated by delay that the debts secured thereon might be entirely lost. In the present case the provisions of the statute as to advertising were more than complicd woth without bringing any result. The bills for advertisement alone amounted to one hundred and twelve dollars and ninety cents. The court then publicly in open court with the apparent acquiescence of all the parties, at least without any objection being made, accepted the offer in writing by the purchasers and confirmed the sale to them.

In the case of *Hess et al.* v. *Rader and Wife,* 26 Grat. 746, a commissioner was appointed to make a public sale of lands; without authority to do so he made a private sale which he reported to the court and it was confirmed. Judge Christian says: "It is true it was not made at public auction, but it was made by a party who had been appointed commissioner of the court; was reported to said court and confirmed as a sale made by the court. It was none the less a judicial sale because made privately and not at public auction. In either event it only becomes a sale at all, when confirmed by the court. *It is the confirmation made by the court, not the bidding or propositions to buy that constitutes such sale a judicial sale.*" Such have since been the hold-

ings of this Court.  *Core* v. *Strickler,* 24. W. Va. 689; *Blair* v.
*Core,* 20 W. Va. 265; *Kable* v. *Mitchell,* 9 W. Va. 492.  It does
not matter whether the decree of sale was erroneous or whether
the commissioner acted without authority in receiving private
bids or in failing to advertise.  These are all objections that
could have been made before confirmation, but came too late after
the sale has been confirmed without any excuse being offered why
they were not made sooner.  The Code, section 8, chapter 132,
bars such after objections in these words: "If a sale of property
be made under a decree or order of a court and such sale be con-
firmed, though such decree or order afterwards be reversed or set
aside, the title to the purchaser at such sale shall not be affected
thereby."  The time to make objections to a judicial sale by a
party to a suit is before confirmation and if he fails to do so, he
cannot afterwards be heard thereon unless he has been prevented
from asserting his rights through fraud or other adventitious cir-
cumstance beyond his control. . This rule is applied strictly
when the purchasers are strangers to the suit and in no wise in-
terested therein.  *Dunfee* v. *Childs,* 45 W. Va. 155; *Hughes* v.
*Hamilton,* 19 W. Va. 366; *Beard* v. *Arbuckle, Id.* 135.  In these
cases it was held that "A debtor cannot have a decree reversed
confirming a sale of real estate for an error in the decree order-
ing the sale, when he has taken no steps in the court below before
the confirmation to review such decree."  The same rule applies
to motions to set aside and reverse a decree of sale in the court
making the sale.  If he waits until after a sale is confirmed to
strangers he cannot have the decree of confirmation set aside
because of errors in the decree of sale.  In the present case there
is no error claimed in the decree of confirmation, but the cir-
cuit court sets it aside for the sole reason that the decree of sale
authorized the commissioners of sale after abortive attempts at
public sale to take private offers in writing and report them to
the court.  If this be erroneous the weight of authority to the
contrary notwithstanding, it would not justify the court in set-
ting aside the decree of confirmation.  For as we have seen
though a commissioner be directed to sell at public auction and
he sells privately and the court confirms the sale, the decree of
confirmation cannot be disturbed.  It is the confirmation that
makes a judicial sale, and nothing that happens prior thereto.

And there is another rule that should apply with full force in
a case of this character, and this is that no decree should be

reversed on appeal or motion for errors not to the prejudice of the party taking the appeal or making the motion. *Beard* v. *Arbuckle,* cited; *Reed* v. *Nixon,* 36 W. Va. 681.

In this case there is nothing showing that the decree of confirmation was to the prejudice of Henry Keltz. It is true his "Poor House Farm" was sold, but there is nothing to show that the price was not full and adequate under the circumstances, nor that on a resale it would bring any greater sum. No upset bid or offer is made. It is being consumed with costs and expenses while the debts are growing larger and increasing in number. No excuse is offered for the action of the circuit court except that the sale was a private and not public one. The sale was public because made by the court. All courts are open to the public in this country, and if Henry Keltz was not present to protect his interests, it is his own fault. He stood by, saw the sale confirmed, the money paid and applied on his debts, and it is too late for him now to object, unless he gives some reasonable excuse for his silence when he should have spoken, and also show wherein he has been prejudiced and will be benefitted by a resale. Purchasers under a judicial sale should be protected when their conduct is free from fault and above suspicion. *Fredrick* v. *Cox,* 47 W. Va. 14, (34 S. E. 958).

The decree complained of insofar as it sets aside, reverses and annuls the decree of confirmation of the 1st day of April, 1899, is set aside, reversed and annulled, and the notice and motion of Henry Keltz and wife are overruled and dismissed as to the appellants.

*Reversed.*