HURT BUILDING INC. *v.* ATLANTA TRUST CO. *et al.*

No. 10882. OCTOBER 16, 1935.

*George & John L. Westmoreland* and *Spence & Spence,* for
plaintiff in error.

*Harold Hirsch, Marion Smith, Alston, Alston, Foster & Moise,
Crenshaw & Hansell, Herbert J. Haas, G. B. Tidwell, Jones, Pow-*

ers & Williams, J. W. Mason, Craighead & Craighead, Dwyer & Dwyer, and Root, Clarke, Buckner & Ballentine, contra.

BELL, Justice. The judgment to be reviewed in this case is the refusal of the court to set aside a judgment confirming a receivers' sale. After careful consideration of the voluminous record and of the several questions discussed in the briefs, we have reached the conclusion that the case is controlled by a very few plain and familiar principles, and that under them the judgment must be affirmed, regardless of any opinion which might be entertained by this court as to other questions argued. In this view, there is much in the record which may be treated as immaterial and omitted from this statement.

The Atlanta Trust Company, as the trustee under a security deed conveying property situated in Atlanta which may be described in brief as the Hurt Building, filed a petition in the superior court of Fulton County to foreclose the deed as an equitable mortgage, the deed having been made to secure an issue of bonds of which there was past due and unpaid an amount in excess of $3,000,000 at the time the suit was filed. To this action certain pleas were filed, and proceedings were also instituted in the Federal Court. Holders of all but a relatively small portion of the bonds confided their respective interests to two committees, called the bondholders' committees. Pending the suits these committees entered into a contract with D. Frank Mennis, one purpose of which, among others, was to end all resistance to the foreclosure of the security or trust deed, and to bring about an early sale of the property by receivers theretofore appointed by the superior court. Mennis agreed to procure the dismissal of all adversary proceedings, and to cause to be conveyed to the receivers certain property rights appurtenant to the Hurt Building in order that the same might be sold in connection therewith. The contract anticipated that at the instance of Mennis a new corporation would be created, to succeed automatically, upon its organization, to all the rights granted to Mennis under the contract. The proposed corporation was referred to by the parties as "the purchaser corporation," a designation appropriate to the thought that it might bid and become the purchaser at the receivers' sale. The committees promised that upon the dismissal of the antagonistic proceedings and the execution of the acts to be performed by Mennis, they would in the fol-

lowing manner assist the new corporation in its effort to acquire the property: They would bid for the property as much as $2,100,-000, and if they became the successful bidders they would then resell the property to the "Purchaser Corporation," such resale to be partly for cash and partly on terms. If the bidding should pass $2,100,000, the Purchaser Corporation would carry on the bidding to whatever price it desired, and in case it should become the successful bidder, the committees would "cause their nominee to accept the assignment of such successful bid and to acquire title to properties as aforesaid, and thereafter cause title to said properties to be sold to the Purchaser Corporation at and for a purchase-price equal to the amount of the successful bid of the Purchaser Corporation at the foreclosure sale, such price to be payable" $600,000 in bonds and the balance in cash. The $600,000 of bonds would be secured by mortgage on the property involved in the suit and other property specified. The contract between the committees and Mennis as just described was approved by the superior court. Hurt Building Inc., the plaintiff in error, is the "purchaser corporation" contemplated by the contract.

Mennis procured dismissal of all proceedings, wherever filed, in opposition to the foreclosure of the security deed, including dismissal of a writ of error pending in the Supreme Court of Georgia and having as its purpose the reversal of a decree of foreclosure theretofore entered in the superior court of Fulton County, to wit, on March 22, 1934. Mennis also caused to be transferred to the receivers the property rights appurtenant to the Hurt Building and otherwise executed the affirmative covenants undertaken by him in his contract with the two committees. The way being thus apparently clear for such action, the superior court on January 28, 1935, passed an order directing the receivers to sell the property known as the Hurt Building to the highest bidder for cash on March 5, 1935, after prescribed advertisement. The order required a deposit of $25,000 from each person desiring to qualify as a bidder, and contained the following additional provisions: "The court may reject any or all bids. If a purchaser whose bid is confirmed by this court does not complete payment of the purchase-price in 90 days after such confirmation or within such additional time as may be granted by this court, then the deposit made by such bidder shall be forfeited as damages for his failure to complete. Such

sale shall be subject to confirmation by this court, and the receivers shall report to this court at 10 a. m. on March 6, 1935, the highest and best bid or bids received by them, for confirmation or rejection by this court at that time or at such later time as the court may adjourn the hearing. If the receivers are in doubt as to which bid is the highest and best bid, the receivers shall report to the court all such bids as they deem advisable to report. At the hearing by the court on the question of confirmation of the sale the court may receive a further bid or bids from any person who qualified at the sale or then qualifies as a bidder." The receivers exposed the property for sale on March 5, 1935, as directed. Hurt Building Inc., after duly qualifying, submitted a bid of $2,280,000, which was the largest amount offered, and the receivers declared the property sold to this company, subject to confirmation by the court. On March 6 the court convened for the purpose of considering confirmation. It seems that the receivers had prepared a report showing that the highest bid had been submitted by Hurt Building Inc., but before the presentation of such report an attorney representing holders of second-mortgage bonds stated to the presiding judge that he had on the previous day obtained from the Federal district court an order restraining the further progress of the sale; whereupon the judge of the superior court entered the following order:

"On this the 6th day of March, 1935, there came on before the court the hearing with respect to the report of the receivers as to the sale conducted on the previous day under order of the court, this hearing being provided for by this court in its order of January 28, 1935, and being for the purposes specified in said order. After discussion, all parties at interest, including all qualified bidders under the receivers' report this day filed, being present before the court and consenting thereto; it is now ordered that the hearing set for this day by the order of January 28, 1935, is hereby set for ten o'clock a. m. Tuesday, March 19, 1935, and that all the terms and provisions of the order of January 28, 1935, relative to the hearing provided therefor as of to-day, shall in every respect apply to the hearing to be held on March 19, 1935, or any adjournment thereof, including the provision that further bids may be made by any person who qualified at the sale, or then qualifies as a bidder. This the 6th day of March, 1935."

On March 19, still before action upon the report of the receivers in regard to the sale as conducted on March 5, the committees who had executed the contract with Mennis made known to the court certain facts pertaining to the new proceedings in the Federal court, showing that the injunctive order issued by such court had been dissolved and the proceedings dismissed, but also offered evidence the apparent purpose of which was to induce an inference that the officers and agents of Hurt Building Inc. had instigated the new proceedings in violation of the contract made with them by Mennis. After the introduction of this evidence the judge made the following statement: "It seems to me very plain that Mr. Mennis has not complied with the terms and conditions of the contract he made with the bondholders' committees. It seems to me that agents and perhaps officers of the purchaser corporation have done things to interfere with the proper sale of this property through this court or under order of this court. It is my view that these acts were the breach of their duty under the contract with the bondholders' committees, which became a part of the record of this court. The conduct of these parties is bordering very close on contempt and trifling with the processes of the court, in its effort to sell and administer a piece of property. I am not receiving any further bids by any parties by virtue of or under any right under this contract between the bondholders' committees and Mennis. If it seems advisable to put this statement and make it in the form of an order I will be very glad to make it an order." Counsel for the committees then inquired of the court, "What position would that leave the committees in with respect to their duty." The judge replied: "The committees are relieved of any obligation which they owed under that contract with Mennis." After some further colloquy, Mr. John L. Westmoreland addressed the court as follows: "Before you go ahead with that, I want to make this statement representing Hurt Building Inc. I appear to bid in behalf of Hurt Building Inc., with the understanding that the contract between Mennis, which was transferred to Hurt Building Inc., with the bondholders' committees, is of full force and effect. There has been no notice served on the other parties to the contract, so far as I know, that the question of the validity of this contract would be considered by the court at this time. There has been no evidence

introduced or offered in behalf of Hurt Building Inc., transferee of the contract from Mennis, the present bidder, that this contract would be abrogated at this or any time; and I wish to make a bid in behalf of Hurt Building Inc., using as a basis the contract which has been approved by this court, and is a part of the record of this court. I state further in this connection that it is my information (I may be mistaken) that all of the terms of the contract requiring any act or conduct on the part of Mennis or the corporation have been complied with. . . I offer to bid at this time on the basis that I have set out." The matter of receiving further bids was then opened in accordance with the orders of January 28 and March 6. The judge stated, in response to an inquiry, that the bidding would start where it left off on March 5; that is, with the bid of $2,280,000 as made before the courthouse door by Hurt Building Inc. Mr. R. W. Courts Jr., representing Investment Securities Corporation, which had qualified as a bidder, inquired of the court if he might submit a bid on stated conditions, which to some extent varied from those originally prescribed. The conditions proposed by Mr. Courts will be noted later in this statement. These conditions being assented to by the judge, Mr. Courts, on the basis thereof, submitted a bid of $2,281,000. Immediately thereafter Mr. Westmoreland offered to raise the bid by $1000 as follows: "As I understand your honor, you would accept bids only on a basis of cash. However, in order to preserve what I consider the right of my client, I wish to make a bid at this time on a basis of this contract that has been entered into and approved by the court; and in so doing I don't think I need state to your honor that there is no idea on my part of being in contempt. I am merely making it to preserve my rights, and I wish to have my bid recorded on that basis, $2,282,000." The judge said: "The court will not accept that bid." No other bids being submitted, one of the receivers cried the bid of Mr. Courts three times, and declared the property sold to him accordingly. Hurt Building Inc. took no other action until after confirmation. It appears that one party, who is not now complaining, did file objections which the court overruled. In the afternoon of the same day upon which the bidding was closed, that is on March 19, the court entered the following decree of confirmation:

"On this the 19th day of March, 1935, at ten o'clock a. m., pursuant to previous orders of court of record herein, this case came on to be heard for the purpose of receiving further bids for the properties heretofore offered for sale by the receivers and for the purpose of acting upon the question of confirming the sale to be made hereunder. Upon representations made to the court it was announced by the court that if any sale resulted the confirmation thereof would be subject to the condition that the successful bidder could withdraw and take down his deposit without liability in any one of the following contingencies, to wit: 1. Should the sale not be confirmed within fifteen days from the date hereof. 2. Should the successful bidder be unable to obtain from the Atlanta Title & Trust Company an insurance of the title to the properties in the usual form of title-insurance policy written by that company at its usual rates, at the purchaser's expense. 3. Should any bidder have arrangements to finance all or a part of his bid through a mortgage from an insurance company and designate such insurance company at his bidding, and the regular counsel for the insurance company refuse to approve the title so that the said loan could be completed. The confirmation hereinafter ordered is hereby expressly made subject to the conditions just above recited, as fully as if the same were repeated hereinafter. Thereupon Investment Securities Corporation of Delaware, represented by Mr. R. W. Courts Jr., announced that its bid, if accepted, would be financed in part by an insurance company loan on the property, and designated the New York Life Insurance Company as the company from which it intended to obtain said loan. All parties at interest, including Hurt Building Inc., by its attorney, Mr. John L. Westmoreland, were present throughout the proceedings hereinbefore and hereinafter recited. Thereupon the receivers, through direction of the court, and in open court, called for further bids for the said properties, the said properties being more particularly described in the orders of record herein directing the sale of the properties in the hands of the receivers and including the Hurt Building and the two tracts of land which together are known as the triangle, and the interest of the lessor corporation in all existing leases. At the conclusion of the bidding the highest and best bid received by the court was a bid of Investment Securities Corporation, a corporation under the laws of the State of

Delaware, for the sum of $2,281,000 cash. Counsel for certain intervenors, to wit, Christian Women's Benevolent Association et al., as shown in their said intervention of record, filed objections to the confirmation of the said sale to Investment Securities Corporation, which said objections are hereby overruled. No other person, firm, or corporation interposed any objection to the confirmation of the sale. The court being of the opinion that the sale is one which should be confirmed in the best interests of the estate being administered by the court, and the court having ascertained that the bid of Investment Securities Corporation was the highest and best bid received for the said properties, it is thereupon considered, ordered, and decreed as follows: The court does hereby, upon the conditions hereinbefore provided, confirm the sale of the properties aforesaid to Investment Securities Corporation aforesaid for the price of $2,281,000, to be paid in cash pursuant to previous orders of the court. The receivers are directed, in compliance with said orders and with this order, to make a good and sufficient conveyance to the said purchaser of all of said properties upon the receipt from the purchaser of the payment in cash of the purchase-price. The receivers are directed to make report to the court of their actions hereunder, for such further orders and directions as the court may make."

No further proceedings were had until April 3, 1935, when Hurt Building Inc., through its attorneys, filed a petition in the same cause, praying that the judgment of confirmation be vacated and set aside for reasons alleged. To a judgment refusing this petition Hurt Building Inc. excepted, and brought the case to this court. The petition alleged substantially all that is stated above, and made the following contentions: (1) The bid submitted by Mr. Courts for Investment Securities Corporation and its acceptance on the new conditions named virtually gave to "said purported bidder an option to purchase said property on the conditions named in its said bid," and the judgment "affirming the action of the receivers in accepting this conditional bid was illegal and void." (2) Hurt Building Inc. submitted the highest and best bid, and the same should have been accepted and the sale confirmed accordingly. (3) The statement in the decree of confirmation that the bid of Investment Securities Corporation was the highest and best received is incorrect, because the bid submitted

by Hurt Building Inc. was not only higher, but was not subject to the payment of real-estate commissions; whereas the bid of the Investment Securities Corporation was subject to the payment of $30,000 for that purpose. (4) The order of the court refusing to accept the bid of Hurt Building Inc. was illegal and void, and deprived "your petitioner of a substantial right, and it was passed without any legal authority, because the court adjudicated, without any notice to . . petitioner, its rights under the said contract." (5) "The said order of confirmation was void for the reason that your petitioner had a perfect right to bid under the terms of the contract which had been approved by the court, and the bid of your petitioner should have been accepted by the court, as it was the highest and best bid." (6) "The said order of confirmation and the acceptance of the conditional bid by the Securities Corporation was illegal and void, because your petitioner had not been informed that bids would be accepted under those conditions, and your petitioner was not given an equal opportunity to bid under those conditions." (7) "Petitioner's rights were harmfully affected by the refusal of the court to accept its bid under the said contract, and demanding that it bid in cash, when it had no notice and no knowledge, and had not been informed by the court, that it would not be allowed to bid under said contract, nor would not be given any opportunity to obtain the cash necessary to make the said bid as a cash bid." (8) "The rights of your petitioner have been substantially infringed upon, and that said order of confirmation of sale should be revoked and set aside." (9) "If the said sale is allowed to be consummated as in compliance with the said order of confirmation, your petitioner will be irreparably harmed and damaged." (10) "In the ends of justice, the said receivers should be restrained from completing said sale as provided by said order, until the rights of your petitioner can be fully adjudicated." The petition did not allege any reason why the contentions made as grounds for setting aside the decree of confirmation could not have been urged before as well as after the final entry of such judgment. The court, after considering the petition to vacate, passed an order adjudging that no sufficient cause was shown for granting the relief prayed for, and refusing sanction, but directing that the petition be filed as a part of the record. In the bill of exceptions then sued out by Hurt Building Inc., it

assigned error upon this judgment, and also upon the several statements made by the presiding judge at the time of the bidding in open court on March 19.

The proceeding instituted in the superior court by Hurt Building Inc., though styled a petition, was not an independent suit in equity to set aside a judgment because of fraud, accident, or mistake, but was a motion made in the cause, and during the term, to set aside the judgment. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code of 1933, § 110-501. An order confirming or refusing to confirm a judicial sale, if unexcepted to, is a final and conclusive judgment to the same extent as any other adjudication by a court of competent jurisdiction. *Southern Cotton Mills* v. *Ragan,* 138 *Ga.* 504 (2) (75 S. E. 611); Lowe v. Guice, 69 Ala. 80, 83; 16 R. C. L. 83, 85, 99. In *Pledger* v. *Bank of Lyerly,* 157 *Ga.* 229 (121 S. E. 228), the sale was not confirmed, and a judgment refusing confirmation was the subject-matter of the writ of error. In *Moore* v. *Kelly,* 109 *Ga.* 798 (2) (35 S. E. 168), it was held: "While a motion to set aside a judgment is addressed to the sound discretion of the judge, it should not, although made during the term at which the judgment was rendered, be granted unless some meritorious reason be given therefor." This ruling was repeated in *Kellam* v. *Todd,* 114 *Ga.* 981 (41 S. E. 39); and in the recent case of *Cahoon* v. *Wills,* 179 *Ga.* 195, 197 (175 S. E. 563), it was said: "The rule appears to have been generally adopted in almost all jurisdictions, that the power of control even during the term should be exercised only upon sufficient cause shown and where the matter appeals to an exercise of sound legal discretion. 36 C. J. 207. Such is undoubtedly the established rule in Georgia." See also *Lambert* v. *Smith,* 57 *Ga.* 25; *Phillips* v. *Taber,* 83 *Ga.* 565 (4) (10 S. E. 270); *Murray* v. *Willoughby,* 133 *Ga.* 514 (66 S. E. 267); *Gaines* v. *Gaines,* 169 *Ga.* 432 (150 S. E. 645); *Walker County Fertilizer Co.* v. *Napier,* 40 *Ga. App.* 387 (149 S. E. 705); *Coker* v. *Eison,* 40 *Ga. App.* 835 (4) (151 S. E. 682). When a party has been afforded an opportunity to be heard, the court can not suspend or

vacate its judgment merely to let in a defense which should have been offered before the judgment was entered. *Dougherty-Lillle-Redwine Co.* v. *Hatcher,* 169 *Ga.* 858, 863 (151 S. E. 796). So far as appears, everything alleged in the present petition could have been presented to the court in some manner before the decree of confirmation was finally passed. The plaintiff in error contends that the conditions of the sale were improperly changed during the bidding, and that, what is even more serious, the court virtually set at naught valuable rights which it had under the Mennis contract by declaring that the other parties thereto were relieved because of facts shown to the court before the bidding was resumed on the day assigned for confirmation. It is insisted that the plaintiff in error had the right to bid on the basis of this contract; and that since it did offer to submit the highest and best bid, the court erred in rejecting such bid and in permitting the lower bid of Mr. Courts to be accepted by the receivers. These and similar contentions were made for the first time in the motion to set aside the judgment; whereas, even assuming their full merit as statements of things past, they should have been urged as reasons for refusing confirmation to the other bidder, and, not having been so advanced, were concluded by the judgment. It is generally held that after a judicial sale has once been confirmed, the court has no discretion to rescind it except upon some special ground, such as fraud, accident, or mistake, which has worked an injustice, and which was unknown to the complaining party at the time of confirmation. Virginia Fire Ins. Co. *v.* Cottrell, 85 Va. 857 (9 S. E. 132, 17 Am. St. R. 108) ; Klapneck *v.* Keltz, 50 W. Va. 331 (40 S. E. 570) ; Abney Barnes Co. *v.* Davy Pocahontas Coal Co., 89 W. Va. 504 (109 S. E. 616) ; Damrow *v.* Iowa &c. Ry. Co., 190 Iowa, 996 (181 N. W. 271) ; Morgan *v.* Stevens, 101 Okla. 116 (223 Pac. 365) ; Griffith *v.* Bogert, 59 U. S. 158, 164 (15 L. ed. 307) ; Gibson *v.* Lyon, 115 U. S. 439 (6 Sup. Ct. 129, 29 L. ed. 440) ; Pewabic Mining Co. *v.* Mason, 145 U. S. 349, 367 (12 Sup. Ct. 887, 36 L. ed. 732) ; 35 C. J. 108, § 180; 16 R. C. L. 100, § 73.

A distinction must be made between bidding and a hearing on confirmation. The pronouncements which are now criticized were made by the judge in connection with the bidding, and not in the matter of confirmation. In legal effect, the case is the same as if the statements had been made by the receivers, and they, instead

of the judge, had rejected the bid submitted by Hurt Building Inc. Certainly, in that case, complaint should have been made before confirmation, in order to preserve any right of the complaining party. This is not to say that the judge was acting otherwise than judicially at this stage of the proceeding. In any view of that question, all that was said and done was, in the very nature of the case, tentative and conditional only, of no effect unless confirmed, and being in law subject to the same contingency as to confirmation as similar action by the receivers would have been. Code of 1933, § 37-1206; *Walters* v. *Hargrove,* 61 *Ga.* 267; 35 C. J. 43, § 67; 16 R. C. L. 81, § 60. Nor under the facts of the record, is it material that the court proceeded within so brief a time to enter the final decree. While this judgment was passed on the same day, the motion to set it aside does not show that the movant was prevented from asserting any right, by reason of this fact. If confirmation had been deferred to a later date, say, for a week or ten days, with no action in the meantime, it would hardly be contended by any one that a confirmation then made without objection would not be conclusive. In the circumstances, the element of time may tend to confuse, but should not be permitted to do so. It is contended, however, that Mr. Westmoreland appeared only as an agent to submit the bid of Hurt Building Inc., and was not employed at that time as an attorney at law. Neither is this fact of any importance, in the circumstances. In bidding through any one, the corporation was necessarily present, and was bound to take notice of all proceedings with reference to the sale and confirmation. If it did not employ an attorney in due time, this was an affair of its own, affording no cause for avoiding the judgment. The date of the confirmation had been fixed by previous orders of which all parties concerned had actual or constructive notice, and in these circumstances it was unnecessary to issue a rule nisi calling upon the bidders or others to show cause why confirmation should not be had. Harduval *v.* Merchants Bank, 204 Ala. 187, 188 (86 So. 52) ; Hayes *v.* Betts, 227 Ala. 630, 634 (151 So. 692, 95 A. L. R. 1484) ; Miller *v.* Henry, 105 Ark. 261 (150 S. W. 700, Ann. Cas. 1914D, 754) ; Chapman *v.* Guaranty Bank (Tex.), 267 S. W. 690, 694; 16 R. C. L. 78, 79, § 57. While a person whose relation is only that of a bidder is not a formal party, he is to be charged as a party to the record, where he attempts to assert a

right based upon a bid submitted by him. Reece *v.* Cartwright, 209 Iowa, 706 (228 N. W. 641). In *McCall* v. *Miller,* 120 *Ga.* 262 (47 S. E. 920), it was said: "When a regular term of court is adjourned over to a subsequent time, all parties and their attorneys having business in the court are bound at their peril to take notice of such adjourned term." A party is charged with the legal duty of keeping advised as to the progress of litigation in which he is interested, and being prepared, so far as reasonably possible, to meet every emergency arising therein. *Glover* v. *Dimmock,* 119 *Ga.* 696 (46 S. E. 824); *Latimer* v. *Irish-American Bank,* 119 *Ga.* 887, 893 (47 S. E. 322); *Ayer* v. *James,* 120 *Ga.* 578 (48 S. E. 154); *Lovelace* v. *Lovelace,* 179 *Ga.* 822 (177 S. E. 685). Furthermore, while the question was discussed in the briefs, the motion to set aside the judgment did not complain that it was entered without notice to the plaintiff in error. The motion did allege that Hurt Building Inc. was unaware that its rights under the Mennis contract would be questioned, and was without notice that the conditions of the sale would be changed; but there is no averment of want of notice as to the time of confirmation. This court should, of course, not reverse the judgment upon any ground not alleged in the motion filed in the trial court.

In the bill of exceptions error was assigned on the statements made by the judge at the time of the bidding. These assignments were not made upon rulings antecedent to the final judgment, within the meaning of such decisions as *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047). As shown above, these statements, if furnishing any ground of complaint, were mere incidents of the bidding, and should have been pressed by way of objection to the entry of a decree in favor of the other bidder. They were in no sense rulings to be assigned as error in the bill of exceptions to review the judgment refusing the motion to set aside the decree. Even if the motion to set aside the judgment should be considered as containing the elements of an independent suit in equity, the position of the plaintiff in error would not be stronger. "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." Code of 1933, § 37-220. See

also § 110-710. In *Scarborough* v. *Information Buying Co.*, 170 *Ga.* 872 (154 S. E. 350), one of the parties brought a suit in equity to set aside a judgment confirming an auditor's report. The petition alleged, in effect, that the auditor, after first ruling in favor of petitioner, had a new hearing without notice to petitioner or his attorney, and made a report in favor of the opposite parties; and that the judge of the superior court entered an order confirming such report without any knowledge of the imposition thus practiced. This court held, that, having failed to allege that petitioner was prevented from objecting, at the time the court rendered judgment in accord with the auditor's report, by any act of the opposite party or his counsel, or that there was any excuse for a failure to object, the petition was properly dismissed on general demurrer. In *Fitzgerald* v. *Bowen,* 114 *Ga.* 691 (40 S. E. 735), it was held: "One who had full knowledge of the pendency of a case in which he had a direct pecuniary interest, and neither sought to become a party thereto nor made any effort to intervene therein, so as to protect his rights, can not, after the rendition of a judgment in favor of the plaintiff in such suit, maintain an equitable petition to set such judgment aside or restrain its enforcement." In further support of the view that the motion filed in the present case was without equity, see *York* v. *Clopton,* 32 *Ga.* 362; *Jackson* v. *Grant,* 152 *Ga.* 751 (111 S. E. 192); *Manry* v. *Gleaton,* 164 *Ga.* 402, 413 (138 S. E. 777); *Hutchings* v. *Roquemore,* 171 *Ga.* 359 (5) (155 S. E. 675); *Beddingfield* v. *Old National Bank,* 175 *Ga.* 172 (2) (165 S. E. 61); *Rawleigh Co.* v. *Seagraves,* 178 *Ga.* 459 (173 S. E. 167); *Jackson Discount Co.* v. *Merck,* 178 *Ga.* 660 (173 S. E. 647).

Nothing said above is intended as an expression as to the rights of the parties under the Mennis contract, or as to the propriety of what occurred at the time of the bidding. In the view which we take of the case, these questions were not opened for consideration by the motion to set aside the judgment. The logical, if not the only proper, procedure in this court was to consider first whether the motion was sufficient to raise these questions; and since we have concluded that it was not, there is nothing more for decision.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*