## BRIESNICK v. BRIESNICK.

1. Where in a petition for alimony filed by a wife, under section 2407 of the Civil Code, against her husband, it was distinctly alleged that he was the owner of property of large value, the amount being set forth, and some of the property being specified and its value stated, all of which was denied in the respondent's answer, who therein averred that he owned no property at all, and there was a verdict and judgment in the plaintiff's favor for an amount considerably less than the value of the property specified in the petition, the judgment also ordering and directing that the defendant do pay over that amount to the plaintiff instanter:

*Held,* that this was so far conclusive of the respondent's ability to pay the amount of the verdict, as that upon an attachment for contempt to compel its payment he could not as a matter of right demand any further judicial inquiry into the question of his ability to pay, without alleging new and additional facts arising after the rendition of the verdict, from which there had resulted an inability to pay, either total or partial.

2. The element of conclusiveness would not, however, extend to the duration of any imprisonment that the court might direct as a means of compelling obedience to its order; but as to this, the entire matter would rest in the sound discretion of the judge. *Kingsbery* v. *Ryan,* 92 *Ga.* 108-109.

3. In no event would the defendant in such an attachment proceeding have, under the act of December 22d, 1892 (Civil

Code, §4046), the right to demand a trial by jury, that act hav-
ing no application to a case of this kind. *Lee* v. *Lee*, 97 *Ga.* 736.

Argued December 3,—Decided December 17, 1896.   ATKINSON, J., being dis-
-qualified, Judge GOBER, of the Blue Ridge circuit, was designated to preside.

Attachment for contempt.  Before Judge Sweat.  Glynn
·superior court.   August 27, 1896.

Elsa Briesnick brought her petition for permanent ali-
mony against Ernest Briesnick, and obtained a verdict for
·$7,500, with $750 as attorneys' fees, beside interest and
.costs.   Judgment for these amounts was entered, with an
·order that defendant pay them to plaintiff instanter.   De-
fendant moved for a new trial, which upon the hearing was
·denied; and this judgment was affirmed by the Supreme
'Court.   Thereafter plaintiff brought her petition, alleging
.that by said judgment it was judicially ascertained that de-
fendant had the money, property and financial ability to
·comply with the terms of the same at the time of its rendi-
tion ; that he had not since parted with the property
·or lost its value so as to render him financially unable
to comply with the judgment ;  and that after the entry
·of the remitter from the Supreme Court, demand was made
·upon him for payment to plaintiff of the sums so adjudged,
with which demand he had refused to comply, without
·cause.   Wherefore she prayed that a writ of attachment
.issue against him, with an order that he stand committed
to jail until he should pay her said amounts.   Defend-
.ant answered, denying the allegations just stated, and al-
leging that at the time of the rendition of the judgment
he had no money, property or effects, and has since
had none; that he has parted with none such, because he
had none to part with, saving only the wages of about fifty
dollars per month which he has been able to earn, and he
has been compelled to spend the same for his living ex-
penses; that the buildings upon certain of the properties
which plaintiff in her suit alleged to be his, but which were

and are the property of his son Robert E. Briesnick (giving the numbers of the lots, in Brunswick), were, about April 2, 1896, destroyed by fire, to the amount of about $7,000; that the money ordered to be paid over by him to plaintiff under the verdict and judgment is not in his power, custody or control; that absolutely his failure to comply with the verdict and judgment was and is because of his utter inability to do so, and for no other cause or reason whatever; that he has no money with which to meet said order, nor any property or means wherewith to raise the same,—if he had, he would long ago have complied with said order; and that it is not now and never has been his intention or purpose to be in contempt of court. Wherefore, under these facts, and being unable from poverty to comply with said judgment, he prays that upon the trial of the issue thus joined he be finally discharged.

By amendment plaintiff alleged, that her contentions and allegations are fully sustained and supported by the record in the alimony proceeding, which being already in court, she prays that the same be treated as a part of her petition. At the hearing she moved that the defendant be adjudged in contempt, upon the ground that his answer did not present any issue of fact, nor did it purge him of the contempt charged, but on the contrary admitted all such facts as were necessary to prove him in contempt. The court decided that defendant was not in such contempt as to authorize the court to attach and imprison him under the allegations of the petition and answer, and that the answer did present an issue of fact which should be tried by a jury; and thereupon passed an order overruling the motion, and remanding the cause to be tried by a jury at the next term of court, requiring defendant in the meantime to give a bond in the sum of $3,000, conditioned as prescribed by the act of 1892 (Acts 1892, p. 65), in default of which bond he should be committed to jail for safekeeping until the trial. To this ruling the plaintiff excepted.

*Atkinson & Dunwody*, for plaintiff.

*Brantley & Bennet* and *Courtland Symmes*, by *Harrison & Peeples*, for defendant.

GOBER, Judge.

I intended to prepare an extended opinion and discuss the questions presented by this record. Upon reflection, the head-notes are clear and explicit; any amount of authority can be easily produced to sustain the principles therein announced. There is no necessity that I should do more. *Judgment reversed.*