SWIFT & COMPANY *v.* .FIRST NATIONAL BANK OF BARNESVILLE *et al.*

1. Where one who owns only a life-estate in lands mortgages or conveys the absolute estate therein to secure a debt, and afterwards becomes entitled to an estate in fee in such lands, such after-acquired title of the mortgagor inures to the benefit of the mortgagee, and the mortgage lien attaches against the mortgagor the moment the mortgagor's title is acquired or becomes vested.

2. Where a testator devised lands to his wife for life, but, in the event of her remarriage, directed that the same should be divided between her and his children, share and share alike, and where during her widowhood she conveyed the absolute estate in said lands to secure a debt, and where pending her widowhood her creditors obtained a decree foreclosing their liens under such conveyances upon her life-estate, and where after such decree of foreclosure she married again, whereby she became divested of her life-estate and vested with an undivided seventh interest in these lands in fee, such decree of foreclosure of their liens on the life-estate of the wife in these lands would not bar her creditors from afterwards enforcing their liens against her one-seventh undivided interest in fee in said lands. The peculiar facts of this case take it out of the general rule that there can be but one foreclosure of a mortgage or security deed.

3. Where another creditor obtained against the widow a common-law judgment, after the foreclosure on her life-estate of the liens created by the above conveyance, the foreclosure of these liens against the absolute estate in these lands, which vested in her in consequence of her remarriage, in no way destroyed or prejudiced the rights of such judgment creditor, the rights of such secured creditors and of such judgment creditor being dependent upon the priority of their respective liens.

4. This suit being brought to enjoin a sale of these lands under the common-law judgment of Swift & Company, the latter were necessary par-

Appeal and Error 4 C. J. p. 1131, n. 94.

Equity 21 C. J. pp. 741, n. 68; 746, n. 60; 760, n. 9; 766, n. 70, New; 768, n. 13.

Estoppel 21 C. J. pp. 1074, n. 57; 1078, n. 98, 1.

Executions 23 C. J. p. 572, n. 73.

Judgments 34 C. J. pp. 605, n. 4; 932, n. 29; 935, n. 33.

Mortgages 27 Cyc. pp. 1139, n. 1; 1173, n. 58; 1516, n. 47, New.

ties to the proceeding, and were not improperly joined as defendants therein.

5. The plaintiffs were not lacking in diligence in procuring the original decree of foreclosure in the form in which it was rendered, and in not having such decree so molded as to embrace the conditional interest in fee of their debtor in these lands.

6. In a suit to change or modify the final decree in an equity cause, such decree should be set out in the petition or attached thereto as an exhibit; and it was error to overrule a special demurrer based upon the failure of the plaintiffs to set out such decree in their petition or to attach the same thereto as an exhibit. Inasmuch, however, as the right result was reached, this error does not require a reversal, especially as the plaintiffs made profert of all the proceedings in the equity cause in which the decree sought to be modified or amended was rendered, which authorized their consideration as if they were attached as exhibits.

7. Under the petition, the answer, and the proceedings in the former case, no issues of fact were involved; and the court did not err in granting the relief prayed, without the introduction of any further evidence, the intervention of a jury, and the consent of counsel for the defendants, Swift & Company, the facts entitling the plaintiffs to such relief being undisputed and resting upon issues of law which we have resolved in favor of the plaintiffs.

No. 5087. JANUARY 13, 1926. REHEARING DENIED FEBRUARY 24, 1926.

Amendment of decree. Before Judge Persons. Lamar superior court. September 16, 1925.

*Claude Christopher,* for plaintiff in error.

*E. O. Dobbs* and *C. J. Lester,* contra.

HINES, J. John M. Sims by his will devised and bequeathed his real and personal property to his wife for life or widowhood, and, in the event she should marry, then and in that event all his property should be divided between his living children or those children and his wife, share and share alike. The wife conveyed the lands so devised to the First National Bank of Barnesville, the Barnesville Bank, and W. C. Jordan, to secure debts due by her to these parties; and in these conveyances she dealt with these lands as if she were their owner in fee simple. To the March term, 1924, of Lamar superior court she and her children brought their equitable petition against the grantees in said conveyances, to set aside and cancel the wife's conveyances to them of these lands. In their answers, and by way of cross-actions, the above parties set up their claims and liens under the wife's conveyances to them, and prayed that they be declared liens on her interest therein according to their priority. At the hearing at the March term, 1925, a verdict and

judgment were rendered in favor of these parties, in which liens in their favor were set up and decreed to be binding upon the life-estate of the wife in these lands, except as to a tract of ninety acres which had been set aside as a year's support for the widow and minor children, which was subjected in full to the claims of these parties according to the respective priorities fixed in the decree. After the rendition of said decree, the widow of the testator re-married, and by this fact her life-estate in said lands ceased and determined; and she became entitled to an absolute one-seventh undivided interest in said lands. On August 1, 1925, Swift & Company had levied a common-law fi. fa., junior in date and priority to the above conveyances and to the claims of the grantees therein and thereby secured, upon the one-seventh undivided interest of the wife of testator in one tract of said lands, and were advertising the same for sale. The First National Bank of Barnesville, the Barnesville Bank, and W. C. Jordan filed their petition against Swift & Co., the sheriff, and wife and children of the testator, in which they alleged the foregoing facts, and prayed: (1) that Swift & Co. and the sheriff be enjoined from selling said lands under said levy; (2) that the decree aforesaid in their favor be so amended that their several liens and judgments be decreed to be enforced against the one-seventh undivided interest of the widow of the testator in said lands; (3) that the enforcement of the decree proceed against the widow in her present name; (4) that process issue; and (5) that they have such relief as may seem right and equitable between the parties. To this petition Swift & Co. demurred on the grounds: (1) that it set forth no cause of action; (2) that the plaintiffs were not entitled to the equitable relief prayed; (3) that Swift & Co. were improperly joined as a defendant in this case; and (4) that plaintiffs do not allege any diligence in discovering, and including in the original decree, the provision of the will that title to a one-seventh undivided interest would vest in the widow of the testator upon her marriage, it not being alleged that plaintiffs did not know of this provision at the time said decree was rendered. These defendants further demurred to the paragraph of the petition referring to this decree, on the ground that a copy of the decree was not attached thereto. The trial court overruled the demurrer, and to this judgment the defendants excepted.

35

The defendants in their answer, when taken in connection with the pleadings in this case and the record in the former equitable proceeding, raised no issue of fact. Afterwards, but on the same day on which the demurrer was overruled, the court passed an order amending the decree in the former equitable petition, as prayed, which order was made without the introduction of any evidence, without the intervention of a jury, and without the agreement and consent of counsel for Swift & Co. To this order amending said decree Swift & Co. excepted on the ground that the same was contrary to law, and that the judge should have refused to amend the decree in the former case, as prayed.

1. Does the petition set forth a cause of action? The widow conveyed to the plaintiffs absolute estates in the lands involved in this litigation, to secure debts due by her to them. Between her and the plaintiffs these conveyances created liens upon absolute estates. But at the date of these conveyances she did not own absolute estates in this realty. Under her husband's will she only had estates for life therein, subject to be defeated by her remarriage, in which event she would become entitled to a one-seventh undivided interest in fee simple in this property. In this situation she and her six children filed her equitable petition to have set aside and canceled her conveyances of these lands to the plaintiffs. In answer to this proceeding, and by way of cross-action, the plaintiffs set up their claims and liens under the above conveyances by the widow to them, and prayed that these claims might be decreed to be liens upon whatever interests or estates she had therein. The plaintiffs prevailed, and a decree was rendered in their favor, declaring that they had liens under their conveyances upon the life-estate of the widow in these lands. Thereafter the widow married. Ipso facto she became divested of her life-estate in this realty; and the liens of the plaintiffs under said decree on her life estate became inoperative. But did not the plaintiffs still have, under their conveyances, liens upon her one-seventh undivided interest therein, of which she became seized in lieu of her life-estate by reason of her marriage? Her conveyances were broad enough to convey this interest. When her life-estate fell in and she became entitled to an absolute estate in these lands, her title to the latter inured to the benefit of her grantees.

Where one who owns only a life estate in lands mortgages or

conveys the absolute estate therein to secure debt, and afterwards acquires an estate in fee in such lands, the mortgage can be foreclosed against his absolute estate therein. After-acquired title by the mortgagor inures to the benefit of the mortgagee, and the mortgage lien attaches against the mortgagor the moment the mortgagor's title is acquired or becomes vested. *Hill* v. *O'Bryan,* 104 *Ga.* 137 (30 S. E. 996); *Wood* v. *Dozier,* 142 *Ga.* 538, 540 (83 S. E. 133). If the plaintiffs had not obtained a decree foreclosing their liens upon her life-estate in these lands, we think no one would question their right to foreclose their liens upon her one-seventh undivided interest in fee in this property. Does the former decree of foreclosure bar the plaintiffs from foreclosing their liens against this interest?

2. It is urged by counsel for the plaintiffs in error that the original decree of foreclosure exhausted the right of foreclosure; and that that decree can not now be amended or changed so as to fix these liens upon this undivided one-seventh interest of the testator's widow in these lands. In support of this position counsel cite *Strickland* v. *Lowry National Bank,* 140 *Ga.* 653 (79 S. E. 539), in which it was ruled that "In this State there can be but one foreclosure of a mortgage." In that case, however, this court said: "Whether under some circumstances, as between the original parties, or as between transferees of purchase-money notes where the title has been retained by the vendor as security, there may be a right to obtain equitable relief, is not now in question." So that case does not rule that there may not be equitable circumstances which create an exception to the general principle announced. In *Durant* v. *Duchesse D'Auxy,* 107 *Ga.* 456 (33 S. E. 478), a mortgage upon an interest in realty described that interest by setting forth in full a copy of a deed whereby the realty had, as a whole, been conveyed in fee simple to divers persons including the mortgagor, and the mortgagee instituted against the mortgagor and the maker of the deed an equitable proceeding to foreclose the mortgage and to reform the deed so as to make it convey to the mortgagor an interest in the realty different from that expressed therein. That case is distinguishable from the one at bar, in several respects. In the first place, the mortgagor had the interest in the realty sought to be reached, at the time of executing the mortgage. In the second place, the mortgagee was endeavoring to subject an

after-acquired interest of the mortgagor, which this court held could not be done, notwithstanding a provision in the mortgage that it should cover after-acquired property. Thirdly, the decree of foreclosure in that case had been fully executed by sale of the mortgaged property under the decree of foreclosure. In *Berrie* v. *Smith,* 97 *Ga.* 782 (25 S. E. 757), equitable circumstances were held to take the case out of the general rule. In that case a mortgage was given to secure a principal note and certain notes for the interest thereon. The mortgage and all the notes were transferred to one who subsequently transferred for value, to the petitioner in that case, some of the interest notes, and, after doing so, foreclosed the mortgage for the principal debt only, erroneously alleging in the foreclosure petition that the transferred interest notes had been paid. The mortgaged property was sold under the mortgage fi. fa., which issued upon the foreclosure judgment, and the property was bought in by the plaintiff therein for less than its value and for less than the principal debt. The transferee of the interest notes brought a rule against the sheriff to distribute the proceeds of the sale of the mortgaged property, in the petition for which he alleged the foregoing facts, and the further facts that the mortgagor was insolvent, that he had no other means of collecting his notes, that he had been prevented from being made a party to the foreclosure proceedings because of a misunderstanding between himself and counsel for the plaintiff in the mortgage fi. fa., that he had given notice to the sheriff to hold up funds sufficient to pay his interest notes, and that the sheriff had done so. This court held that said petition was not without equity. The effect of this ruling was to enlarge the foreclosure judgment so as to cover the interest notes.

A judgment does not bind the parties as to any matter which was not directly or indirectly involved in the suit, and which from the nature of the case could not have been passed upon or adjudicated by the court at the time the judgment was rendered. Where new matter arises which was not and could not have been involved in the controversy resulting in the judgment, the court can supersede or modify such judgment so as to give effect to the rights or equities growing out of such new matter. *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399 (49 S. E. 312, 104 Am. St. R. 156, 2 Ann. Cas. 83).

The peculiar facts of this case take it out of the general rule

that there can be but one foreclosure of a mortgage or security deed. The foreclosure of the liens against the life-estate of the widow did not preclude the mortgagees from foreclosing them against her absolute estate in these lands, when her life-estate became divested, and when her absolute estate became vested, after the original decree of foreclosure.

In *Richards* v. *McHan,* 139 *Ga.* 37 (76 S. E. 382), it was held that "After the adjournment of the term at which it was rendered, a judgment can not be amended on the merits of the case by reason of facts or conditions subsequently transpiring." That case is distinguishable from the one in hand, for the reasons (a) that the proceeding was by motion to modify a judgment on a habeas-corpus proceeding, while the proceeding in this case is by a full suit in equity, and (b) because such motion, made after the term at which the judgment was rendered, sought to nullify the same, while in this case the purpose was not to nullify the original foreclosure decree, but to enlarge the same so as to foreclose these liens against the absolute estate of the mortgagor vesting in her after the rendition of the original decree.

3. It is further insisted that the decree in this case should not be modified, because it would prejudice the rights of Swift & Co. It is true that a decree can not be modified so as to prejudice the rights of third parties interested under it. 16 Cyc. 534. But in this case Swift & Co. acquired no rights under this decree which will be adversely affected by its modification. Nor will the foreclosure of these liens against the absolute estate of the mortgagor in these lands in any way destroy or prejudice their rights. The liens of the plaintiffs were created by conveyances antedating the rendition of their judgment. The lien of their judgment is inferior to the liens of the plaintiffs. The proceeding of the plaintiffs in this case to foreclose such liens in no wise prejudices the right of Swift & Co. to enforce their judgment against the defendant therein.

4. Were Swift & Co. improperly joined as defendants in this case? This question is sought to be raised by the third ground of the demurrer to the petition of the plaintiffs. One of the objects of the plaintiffs was to enjoin a sale of these lands under an execution in favor of Swift & Co. They were interested in this feature of the litigation, and were properly made parties thereto. Civil

Code (1910), § 5417. The question whether a cause of action was set out against them is not raised by this ground of the demurrer. They demurred to the petition as a whole, and not on the ground that no cause of action was set out against them. Clearly, they were necessary parties to the proceedings to enjoin the sale under their execution.

5. In the fourth ground of their demurrer these defendants insist that the plaintiffs do not allege any diligence in discovering, and in including in the original decree, the provision of the will that title to a one-seventh undivided interest would vest in the widow of the testator upon her remarriage, it not being alleged that plaintiffs did not know of this provision at the time the original decree was rendered. The specific contention is that under § 5426 of the Civil Code provision is made for the molding of decrees so as "to meet the exigencies of each case," and that the plaintiffs should have seen that the original decree of foreclosure embraced not only the life-estate of the widow but her conditional absolute estate dependent upon her remarriage. This contention is without merit.

6. The defendants, Swift & Co., demurred specially to the petition, on the ground that a copy of the decree was not set out therein or attached thereto as an exhibit. In *Lyons* v. *Planters Bank,* 86 *Ga.* 485 (12 S. E. 882, 12 L. R. A. 155), a doubt was expressed whether, since the uniform procedure act of 1887 was passed, the strict equity rule of attaching exhibits any longer applies; but in that case it was held, that, whether such rule was applicable or not, as the right result of the case on its merits was reached, this court would not disturb such result by reversing the judgment for an erroneous ruling upon this question. As we think the proper result was reached in this case, and while we think that proper practice required that the former decree should have been set out in the petition or attached thereto as an exhibit, we do not think that the result should be disturbed by reason of this minor error, especially as the plaintiffs made profert of the entire record in the former proceeding, which authorized its consideration as if it were attached as exhibits. *Steele* v. *Graves,* 160 *Ga.* 120 (127 S. E. 465).

7. After overruling the demurrer to the petition, the court passed an order amending the former decree as prayed, and this

was done without the introduction of any evidence, without the intervention of a jury, and without the agreement and consent of counsel for Swift & Co. To this judgment they except on the ground that the same is contrary to law, and that the judge should have refused to amend the decree in the former case as prayed. Under the petition, the answer of these defendants, and the proceedings in the former case, no issues of fact were raised by the answer. Whether the plaintiffs were entitled to the relief sought depended entirely upon issues of law. We have undertaken to show above that they were entitled to the relief sought by them. The judgment amending the former decree in effect gives to the plaintiffs the relief so sought. The amendment to the former decree metes out equity and justice and enforces the equitable rights of the plaintiffs. While it would have been more formal for the plaintiffs to have prayed for a decree of foreclosure against the absolute estate of the mortgagor, and while the court would have acted more properly by rendering such decree, the judgment rendered by the court accomplishes the purpose of the more formal decree, for which reason it should not be disturbed.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*