The People of the State of Illinois ex rel. Robert E. Crowe, State's Attorney of Cook County, Illinois, Appellant, v. Emily Marshall, Appellee.

Gen. No. 34,776.

Opinion filed June 15, 1931. Rehearing denied June 25, 1931.

John A. Swanson, State's Attorney, for appellant; Edgar B. Elder, Assistant State's Attorney, of counsel.

Cohen & Berke, for appellee.

Mr. Presiding Justice Wilson delivered the opinion of the court.

The People of the State of Illinois on the relation of the State's Attorney, filed its bill for the purpose of abating a public nuisance, a house of prostitution operated by and in possession of the defendant Emily Marshall. The action was based on an act entitled, "An Act regarding places used for the purposes of lewdness, assignation or prostitution, etc."

Notice of the proceeding was served on one Agnes Skarda, as owner. An amended and supplemental bill of complaint was filed, and upon the hearing it developed that the property in question had been conveyed by said Agnes Skarda to Emilie Novak. From the evidence it appears that Emilie Novak was also known as Emily Marshall and that Emily Marshall was the defendant to the proceeding.

The cause was submitted to a master in chancery who found that the premises in question had been used by the defendant Marshall for the purposes of lewdness, assignation and prostitution and that such had been its reputation; that notice was served upon the defendant Marshall, stating that her premises had been used for such purposes and that if the nuisance was not abated within five days, a bill would be filed asking to have the nuisance abated; found that all the material allegations of the bill and the amended and supplemental bill had been proven and recommended a decree perpetually enjoining the defendant from maintaining said nuisance. On a hearing before the chancellor the master's report was approved and a decree entered. The chancellor found that the court

had jurisdiction of the parties; that the building in question had been a place where lewdness, licentiousness and prostitution had been practiced and permitted and had been so used for a long period of time and that its general reputation was well known. The chancellor found that notice had been served on the owner and entered a decree perpetually enjoining and restraining Emily Marshall, also known as Emilie Novak, from maintaining or permitting such nuisance and from using or permitting said building to be used for the purpose of lewdness, assignation and prostitution. From this decree the complainant appeals to this court and insists that under the statute it was the duty of the chancellor to enter a decree perpetually restraining the owner from using the building for any purpose for a period of one year. It is insisted that the chancellor found all the facts necessary and requisite for the entry of such an order and that the act is mandatory. Cross assignments of error were filed on the part of Emily Marshall and under these assignments of error this court is asked to remand the cause with directions to dismiss the bill and supplemental bill. The section in question, chapter 38, paragraph 152, Cahill's Illinois Revised Statutes of 1927, provides as follows:

"If the existence of the nuisance is established, the court shall enter a decree perpetually restraining all persons from maintaining or permitting such nuisance, and from using the building or apartment, or the place in which the same is maintained for any purpose for a period of one year thereafter, unless such decree is sooner vacated, as hereinafter provided, and perpetually restraining the defendant from maintaining any such nuisance within the jurisdiction of the court."

The decree provided that the premises should not be used for the purpose of prostitution. Complainant insists that under the findings of the master and the

court in its decree, the premises should not be used for any purpose. An examination of the entire section in question shows that the word "shall" is used in every instance. This section also contains a provision to the effect that the order of abatement shall also direct the sheriff to remove from the building all fixtures and movable property used in conducting or aiding such nuisance and to sell the same in the manner provided by law for the sale of chattels under execution. The statute is clear and unambiguous and the duty of the chancellor well defined when the necessary jurisdictional facts have been established. Such facts were found in the decree and it was mandatory upon the chancellor to proceed in the manner therein provided.

The Supreme Court of this State in the case of *People v. Abbott,* 274 Ill. 380, in its opinion says:

"Counsel for plaintiff in error also argue that this law is not mandatory upon municipalities, but merely directory or permissive. The first section of the act, as we have seen, provides that 'there shall be set apart' moneys to constitute a police pension fund. Under the first and ordinary meaning of the word 'shall' the act should be construed as mandatory, and considered in the light of what we have heretofore said in this opinion as to when it was intended the act should go into effect it must be held mandatory."

Sutherland on Statutory Construction, section 348, says:

". . . The statute itself furnishes the best means of its own exposition; and if the intent of the act can be clearly ascertained from a reading of its provisions, and all its parts may be brought into harmony therewith, that intent will prevail without resorting to other aids for construction."

While the word "shall" has, under certain circumstances, at times been construed to be directory or per-

missive and not in a mandatory sense, yet it is usually a mandatory expression and where, as here, a public interest is involved, it has generally been construed as mandatory. The word "may" will be construed to mean "shall" when the public or a third person have a claim that the power ought to be exercised. *Canal Com'rs v. Sanitary District,* 184 Ill. 597.

The public has an interest in such a proceeding as the one involved in this case. The nuisance, if it is a nuisance, is a public one. The act is intended for the preservation of the morals of the community. Section 8 of the act, Cahill's St. ch. 38, ¶ 155, provides the conditions under which the owner may have the decree vacated, but the owner is not here by reason of any rights she might have under this section. Moreover, this court has held that where the owner is also the one guilty of conducting the nuisance, this section would offer no protection. *People ex rel. Swanson v. Heitler,* 257 Ill. App. 141. In the case at bar the owner Marshall is also the defendant charged with conducting the house of prostitution. We are of the opinion that the chancellor should have followed the act and proceeded in accordance with it.

We find no force in the grounds argued as cross error and, for the reasons stated in this opinion, the decree of the circuit court is reversed and the cause remanded with directions to proceed in conformity with the statute.

*Judgment reversed and cause remanded with directions.*

HEBEL and FRIEND, JJ., concur.