CARPENTER *v.* THE STATE *ex rel.* HAINS, solicitor-general.

No. 14370.   February 11, 1943.

438

*Jeff D. Curry,* for plaintiff in error.

*George Hains, solicitor-general,* and *W. K. Miller,* contra.

BELL, Presiding Justice. The judgment abating the tourist camp applied both to the buildings and to the personal property situated therein. The defendant was also personally enjoined. After the judgment had been reviewed and affirmed by this court, the defendant, who. may be sometimes referred to herein as "petitioner," filed a petition praying that it be vacated and set aside so far as the property was concerned; and the exception now is to the sustaining of a general demurrer to such petition. The material allegations of the petition have been set forth in the statement, and will not be restated here except as to the legal contentions presented thereby. For convenient reference, we have also embodied in the statement the relevant provisions of the Code, and have quoted in part the caption of the act of 1917, from which these provisions of law were codified.

■ No question as to sufficiency of the evidence to support the decree is now open for consideration, the judgment having been previously reviewed and affirmed on writ of error, to say nothing of lapse of time and inappropriateness of the present proceeding to question the judgment from that standpoint. Accordingly, the allegations to the effect that the main store building and the personal property situated therein were separate and distinct from the

cabins and their furnishings, and were in no way connected with the alleged nuisance which the evidence showed was committed in one of such cabins, did not state any valid reason for setting aside or vacating the judgment. The judge found from the evidence that the store building and the cabins with the personal property in them were all used "as one plant or combine . . as the last word in an up-to-date lewd house and used and maintained by said Carpenter for the purpose of lewdness and prostitution," and this finding must be taken as conclusive in the instant proceeding.

The other questions relate to jurisdiction and discretion, and depend on construction of the statute.

■ Petitioner contends that after he had paid the cost of the proceeding, and had tendered the $300 adjudged against him, the court was no longer authorized to forbid the use of the real estate for legitimate purposes, or to enjoin further use of the personal property, or to require its sale. He insists that on payment or tender of these sums a new right was acquired, and that the court should have modified the former judgment so as to give effect thereto.

Under a proper construction of the statute, such direct payment of cost would not prevent sale of the personalty, nor would payment of the $300 relieve the defendant (petitioner) or his property from any of the other penalties provided by law and included in the judgment.

The petition, however, presented various other contentions, including one as to giving bond; and it seems appropriate at this point to make certain general observations pertinent in a measure to all of the remaining contentions, including the *alleged* new right.

The reference in section 72-309, supra, to ownership of personalty by others than the "inmates," and the word "owner," as it appears in section 72-311, providing for bond, do not contemplate a situation in which the owner is himself the party who maintained the nuisance, as the owner here was adjudged to have done. The provisions of section 72-311 as to bond are also limited to real estate, while section 72-312 declares that the lien of the judgment for $300 as therein specified "shall not relieve the person or building from any of the other penalties provided by law."

Under sections 72-309 and 72-310, if the owner of the personalty is himself the party who maintained the nuisance, he is not an owner such as is intended by the phrase "owned by others than the inmates" (§ 72-309), and as against him the personal property shall be removed from the building or place where the nuisance was maintained, and shall be sold. In this respect the statute is mandatory, and the defendant must abide the sale and can not prevent it by paying the costs directly. This, however, is only one of the penalties contemplated; for the "building or place" may itself be closed and kept "closed for a period of one year, unless sooner released." Code, § 72-309. Also, the provision in section 72-312 for judgment for the sum of $300 is cumulative, this sum being "a tax against the owner of the building knowingly kept or used for the purposes prohibited by the act, or against the property of one by whom the nuisance is maintained." *Williams* v. *State ex rel. McNulty,* 150 *Ga.* 480, 485 (104 S. E. 408). Manifestly the satisfaction of a judgment only in part would not affect the remainder or give a new right to the defendant.

It follows that the petition for modification, so far as based on payment of cost and tender of the $300, was without substance. The decisions in *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399 (49 S. E. 312, 104 Am. St. R. 156, 2 Ann. Cas. 83), and *Swift & Co.* v. *First National Bank of Barnesville,* 161 *Ga.* 543 (132 S. E. 99), as to a new right, are inapplicable.

■ Another contention is, that under section 72-311, the petitioner had the right, on proving his good faith, to obtain release of the real estate by giving bond as provided by this section; and that since his petition contained sufficient allegations for this purpose, the judge should have retained it and allowed a hearing thereon. There is no merit in this contention. As we have just stated in the preceding division, section 72-311 does not apply to an owner who himself used the property for the purposes condemned by the statute; and under this interpretation as applied to the facts, the petitioner does not come within the provisions as to bond. Illinois *v.* Heitler, 257 Ill. App. 141; Illinois *v.* Marshall, 262 Ill. App. 128; U. S. *v.* Thomas, 4 Fed. 2d, 857; Title Guarantee & Trust Co. *v.* U. S., 50 Fed. 2d, 544. These cases seem to be directly in point, and support the view that section 72-311 does not apply to Carpenter in his present situation.

It has been held by this court that knowledge on the part of the owner that the premises were being used, or that the lessee when leasing the premises intended to use the same, for the illegal purposes set forth in the act, is essential in order to subject the owner to the burden of a permanent injunction and the penalty of the fine prescribed. *Henson* v. *Porter,* 149 *Ga.* 83 (2) (99 S. E. 118). That decision, however, did not construe section 72-311, and is not contrary to the present ruling as to the meaning of that section. See generally, in this connection, 17 Am. Jur. 110-114, §§ 8, 9, 13; State ex rel. Bailes *v.* Guardian Realty Co., 237 Ala. 201 (186 So. 168, 121 A. L. R. 634, 642, note); Gaskins *v.* Colorado, 84 Colo. 582 (272 Pac. 662, 63 A. L. R. 693, 698, note); Holmes *v.* U. S., 269 Fed. 489 (12 A. L. R. 427, 431, note); Grosfield *v.* U. S., 276 U. S. 494 (48 Sup. Ct. 329, 72 L. ed. 670, 59 A. L. R. 620, 624, note).

A further contention is that under the facts of the case the judge really exceeded his authority in ordering any of the buildings closed, and for this reason, without more, the judgment should be vacated, as applied to the realty. It is insisted that section 72-309 provides for closing "the building or place" only if "it shall appear to the judge that the furniture and chattels are owned by others than the inmates of said house;" and that since, as appeared on the trial, the personal property was owned by petitioner and not by the inmates, the judge was not authorized to include the real estate in his order of abatement. This, in our opinion, does not represent a proper construction of the statute. In view of the purposes stated in the caption of the original act, and as indicated by the entire statute, section 72-309 clearly provides for abatement of both realty and personalty, with a condition as to personalty only, depending on whether it is owned by other than the inmates. The first part of this section, as to what the judgment shall contain, simply declares in express terms that it shall *include* direction for removal and sale of the personalty, while the meaning of the proviso is, that although the personal property may be owned by others than the inmates, so that it can not be sold under the abatement judgment, the court may still order the effective closing of the building or place. Compare *Lokey* v. *Davis,* 194 *Ga.* 175 (21 S. E. 2d, 69); *Ogletree* v. *Atkinson,* 195 *Ga.* 32 (22 S. E. 2d, 783).

■ The defendant further contends that the facts alleged by him would have authorized a modification of the order, in the exercise of judicial discretion; and that in this view the judge erred in dismissing the petition on general demurrer instead of hearing evidence and determining therefrom whether he would modify the order in any respect, as prayed. Section 72-309, supra, provides for "the effectual closing of the building or place against its use for any purpose, and keeping it closed for a period of one year, unless sooner released." The judgment as rendered did not provide that the premises should be kept closed for any definite period, but declared merely that they should be closed, and not opened "pending the further order of the court." It is insisted that the judge thus reserved discretion "to reopen said houses at any time," and that he should therefore have considered the petition as an appeal to his discretion instead of dismissing it for insufficiency as a matter of law. As may be noticed, the petition did not seek a modification on the ground that the abatement as adjudged was not limited to one year; but in this respect it was addressed solely to discretion of the trial judge as to whether he would modify the order at this time on the facts appearing, the period of one year not having expired. The petition did not show any cause for relief, even on this theory. If the judge had a discretion, under either the statute or the judgment, to allow the building or buildings reopened within less than one year on petition of the defendant, it was not an arbitrary discretion; and before he could properly exercise any discretion in such matter, some new fact or condition materially affecting the public interest should be introduced. *Briesnick* v. *Briesnick,* 100 *Ga.* 57 (28 S. E. 154); *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (2) (35 S. E. 168); *Deering Harvester Co.* v. *Thompson,* 116 *Ga.* 418 (42 S. E. 772); *Hurt Building Inc.* v. *Atlanta Trust Co.,* 181 *Ga.* 274 (4), 283 (182 S. E. 187); *Griffin* v. *State,* 12 *Ga. App.* 615 (5) (77 S. E. 1080).

While the defendant did offer to give bond, this, as we have seen, was not a right which he, as the actual perpetrator, could invoke; and any provision as to bond must be put out of view in the present consideration. In the original answer to the petition of the solicitor-general, before the decree of abatement was rendered, the defendant alleged that if any nuisance existed on the

446

premises, it was without his knowledge and consent, and "asked the court that he, in good faith, be allowed to give bond to operate said premises in a legal and lawful manner, and upon the further condition that if any such nuisance ever should exist, that it be immediately vacated." It follows that his present allegations as to innocence and good faith, and his offer to give bond, do not either separately or collectively constitute any new fact or condition, and hence would not afford basis for a modification of the judgment in the exercise of discretion. Nor was other material change alleged.

It may or may not be that the provision in section 72-309 as to keeping the building or place "closed for a period of one year, unless sooner released," contemplates a "release" only at the instance of an "owner" who is entitled to give bond under section 72-311. Assuming, however, as we have done, that the provision may not be thus restricted, and also that the judgment of abatement as entered reserved discretion as contended, we are of the opinion that the judge did not err in refusing to entertain the instant petition as one addressed to his discretion. Nor was it error to sustain the general demurrer.

*Judgment affirmed. All the Justices concur, except Reid, C. J., absent because of illness.*