LANKFORD *v.* HOLTON *et al.*

No. 14698.   JANUARY 12, 1944.

*W. C. Lankford,* for plaintiff.

*R. A. Moore, L. L. Forchheimer,* and *S. F. Memory,* for defendants.

BELL, Chief Justice. "A judgment of a court of competent

jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501.

The judgment of April 17, 1943, sustaining the demurrer and striking Mattie L. Lankford as party plaintiff from the petition filed by her and others on February 19, 1943, was binding upon her as to all matters that were put in issue, or that under the rules of law might have been put in issue in such petition, until and unless such judgment should be reversed or set aside, neither of which appears to have happened. The facts that certain cross-actions were later filed, and that certain statements were made by opposing counsel in briefs filed in the Supreme Court and in oral argument, in another phase of the litigation, which were construed by petitioner as an abandonment or repudiation of some former contention by them as to the nature of the title that was registered, did not operate to reverse or set aside the judgment of April 17, 1943, or constitute intervening material facts such as would alter the conclusive and binding force of such judgment; and this is true regardless of whether the statements were construed correctly or incorrectly by petitioner. None of these facts would affect or alter the legal rights or relation of the parties, so as to entitle her to be reinstated as a party plaintiff, in face of the judgment whereby she had been stricken. See *Briesnick* v. *Briesnick,* 100 *Ga.* 57 (28 S. E. 154) ; *Hurt Building Inc.* v. *Atlanta Trust Co.,* 181 *Ga.* 274 (4) (182 S. E. 187). The case differs from *Durham* v. *Crawford,* 196 *Ga.* 381 (26 S. E. 2d, 778), and similar cases, relating to new and material facts arising after judgment. Compare *Carpenter* v. *State,* 195 *Ga.* 434 (5) (24 S. E. 2d, 404). It is really controlled in principle by the decision in *Lankford* v. *Hollon,* supra, affirming the judgment of April 17, 1943, wherein it was held that the questions sought to be raised by Mrs. Lankford appeared to have been previously adjudicated against her, and that she could not litigate them again directly or indirectly. As to previous litigation regarding the same subject-matter, see 187 *Ga.* 94 (200 S. E. 243) ; 189 *Ga.* 506 (6 S. E. 2d, 304) ; 195 *Ga.* 317 (14 S. E. 2d, 292) ; 196 *Ga.* 434 (26 S. E. 2d, 834) ; 196 *Ga.* 631, supra.

*Judgment affirmed. All the Justices concur.*