1. A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside.
2. The judge did not err in refusing to reinstate Mrs. Mattie L. Lankford as a party plaintiff, in the petition filed by her and others on February 19, 1943, from which she had been stricken by order of April 17, 1943.
 No. 14698. JANUARY 12, 1944.
In this case, Mrs. Mattie L. Lankford complains of orders refusing to reinstate her as a party plaintiff, in a suit that had been filed by her and others, and from which she had been stricken, as hereinafter stated.
After the decision of this court in Lankford v. Holton,195 Ga. 317 (24 S.E.2d 292), as delivered on January 13, 1943, that being a land-registration case, and before remittitur from the Supreme Court was made the judgment of the trial court, Mrs. Mattie L. Lankford, and "the heirs of H. L. Lankford" (named in the petition as Mrs. Retta M. Lankford, Jesse A. Lankford, Arthur C. Lankford, Henry M. Lankford and Willie H. Lankford), on February 19, 1943, filed a suit in equity to prevent the trial court from entering a judgment on the remittitur, which gave direction to the trial court as to the kind of decree that should be entered, and for other purposes. The persons named as defendants in this suit included Mrs. Rilza T. Holton, Mrs. Amanda Brice Tanner, J. H. Milhollin, and N.E. Holton. Mrs. Mattie L. Lankford claimed, among other things, that the option contract and settlement agreement of October 1923, should be reformed in certain particulars, and that title to tracts 1, 2, and 3, and a one-half undivided interest in tract 4, should be decreed in her, and that Mrs. Holton should be enjoined from selling these lands. She also claimed that Mrs. Holton had collected sufficient rents to satisfy the original indebtedness due under the loan deed from W. C. Lankford to B. H. Tanner, and that any title that might have been in any way acquired by Mrs. Holton had thus passed back to and revested in Mrs. Lankford. Still other contentions were made by Mrs. Lankford. *Page 213 
In the same petition, it was alleged by the heirs of H. L. Lankford that the title to the several tracts, including the one-half undivided interest in tract 4 as registered in Mrs. Holton and named grantees holding under her as to a part of the same, should be registered subject to certain mortgages executed by W. C. Lankford in 1913 and 1914, and now held by the heirs of H. L. Lankford, in whose names the other one-half interest was registered. They also alleged that, as to said tract 4, Mrs. Holton and her grantees, Mrs. Amanda Brice Tanner, to whom she had conveyed a part of this tract, and J. H. Milhollin and N.E. Holton, to whom she had conveyed another part, were indebted to these plaintiffs, that is, the heirs of H. L. Lankford, for rents, issues and profits on their one-half undivided interest in this tract, from January 1, 1929, to February 19, 1943, "and for future rentals." The petition contained among others a prayer for an accounting, "for the purpose of determining the amount due to said heirs by said Mrs. Holton and those claiming under her of rents, issues and profits," and for a judgment for the amount so found to be due.
To the petition as twice amended, the defendants filed what they termed a special demurrer, upon the grounds: (1) That there was a misjoinder of plaintiffs; (2) that the petition as amended stated no cause of action in behalf of Mrs. Mattie L. Lankford; and (3) that it appeared from the allegations in the petition that Mrs. Lankford was barred by the final judgment, rendered under the direction of the Supreme Court in Lankford v.Holton, supra, from claiming any right or interest in the lands now registered in the name of Mrs. Holton. On April 17, 1943 (erroneously stated in the record as 1942), the judge sustained the demurrer, thereby striking the name of Mrs. Mattie L. Lankford as a party plaintiff, and she excepted. The judgment was affirmed by this court in September 1943; it being held in that decision that the questions sought to be raised by Mrs. Lankford in such petition appeared to have been previously adjudicated adversely to her, and that she could not litigate them again in another action, directly or indirectly. Lankford v. Holton,196 Ga. 631 (27 S.E.2d 310).
Before the decision in the last mentioned case, however, and pending the writ of error therein, Mrs. Amanda Brice Tanner, a grantee of Mrs. Holton, on June 4, 1943, filed in the superior court a cross-action to the petition of Mrs. Mattie L. Lankford and the *Page 214 
heirs of H. L. Lankford as filed by them on February 19, 1943, in which cross-action she sought partition by sale of the part of tract 4 which had been conveyed to her by Mrs. Holton, but as to which, under the decree in the land-registration case, Mrs. Tanner and the heirs of H. L. Lankford were declared tenants in common, Mrs. Tanner owning an undivided one-half interest, and the said heirs owning the other undivided one-half interest.
On the same date, that is, on June 4, 1943, J. H. Milhollin and N.E. Holton filed a similar cross-action seeking partition by sale of the part of tract 4 that had been conveyed to them by Mrs. Holton, and as to which it had been decreed in like manner that they and the heirs of H. L. Lankford were tenants in common.
After the filing of these cross-actions, Mrs. Mattie L. Lankford, on July 16, 1943, presented her "petition and motion to be made a party in said proceeding in which said cross-actions had been filed," said petition and motion being as follows: "And now comes Mattie L. Lankford, and shows that:
"1. She, Mattie L. Lankford, and others named in said petition, filed and made the allegations therein. And thereafter a special demurrer filed by the defendants was sustained, and Mattie L. Lankford was dismissed as a party thereto. Mattie L. Lankford excepted to said ruling and decision, and by orderly procedure said ruling was carried to the Supreme Court of Georgia. Said case is now for consideration by the Supreme Court. And the questions for consideration and adjudication therein are whether the trial judge committed error in making said ruling dismissing Mattie L. Lankford as a party in said proceeding, and whether she is entitled to the relief prayed for in said petition, and is there alleged therein in her behalf a cause of action good as against said demurrer.
"2. On or about June 7, 1943, Mattie L. Lankford filed in the office of the clerk of the superior court of Coffee County her petition to vacate, annul, and set aside each and all said decrees whereby said land or any part thereof was decreed to be registered in the name of said Mrs. Amanda Brice Tanner, or said J. H. Milhollin, or N.E. Holton, or anyone else claiming under said Mrs. Rilza T. Holton. In said petition it is alleged that all said land claimed by Mattie L. Lankford is owned by her, and she has the title thereto for the reasons set forth in said petition in detail. *Page 215 
"3. While Mattie L. Lankford was dismissed as a party plaintiff as heretofore set forth, and she has excepted thereto, and said dismissal is now for consideration by the Supreme Court, and Mattie L. Lankford contends she is still a party to said proceeding regardless of said erroneous dismissal, if, however, said dismissal was proper and should be so held by the Supreme Court, said Mattie L. Lankford here and now and hereby prays that she be made a party plaintiff to said proceedings because and since there has been filed and is now for determination two alleged cross-actions concerning a certain tract of land involved in said two cases heretofore mentioned; one of said cases being this proceeding and to which said cross-actions was filed.
"4. One of said cross-actions was filed by Mrs. Amanda Brice Tanner, and the other by Milhollin and Holton, a firm consisting of J. H. Milhollin and Noah E. Holton, each of whom were parties to a certain land proceeding out of which this and said other proceedings grew.
"5. As contended in all of these proceedings Mattie L. Lankford is the owner of a one-half undivided interest in said tract of land which is sought to be sold for purposes of partition under said cross-actions, and the other one-half interest in said tract is owned by the said heirs of H. L. Lankford referred to therein.
"6. In answer to the said cross-action of Amanda Brice Tanner, Mattie L. Lankford denied paragraphs one and two thereof, as pleaded. Paragraph three is strictly denied. So much of paragraph four of said cross-action as alleges that said one-half interest in said land was decreed registered in the heirs of H. L. Lankford is admitted. The rest of said paragraph as pleaded is denied, except that it is admitted an alleged decree was issued as stated, which decree has been attacked as being void and issued without authority as set forth in said proceedings heretofore referred to. Paragraph five as pleaded is denied. Paragraph six is denied.
"7. In answer to said cross-action of said J. H. Milhollin and Noah E. Holton, said Mattie L. Lankford says:
"Paragraphs one and two as pleaded are denied.
"So much of paragraph three as alleges that said one-half interest in said land was decreed registered in the heirs of H. L. Lankford is admitted. *Page 216 
"It is admitted that an alleged decree was issued that said one-half interest be registered in said J. H. Milhollin and N.E. Holton. However, Mattie L. Lankford is contesting the validity of said decrees as set forth in said proceedings one of which is the proceeding in which and to which said cross-action was filed.
"Paragraph four is admitted.
"Paragraph five is denied.
"8. Since Mattie L. Lankford made the allegations contained in said petition filed on or about June 7, 1943, to vacate and set aside said decrees for the reasons therein set forth, Mrs. Holton and those claiming under her, by and through their counsel, by oral and written arguments and briefs before the Supreme Court in this litigation, have admitted that they did not secure from the Supreme Court a decision that they or either of them had any prescriptive title to any of said lands for registration purposes, and they have repudiated any and all decisions of the Supreme court (if there are such) that Mrs. Holton or those claiming under her established any title at all for registration purposes, save and except such title as the Supreme Court held had passed to Mrs. Holton by the alleged sheriff's sale under the loan deed from W. C. Lankford to B. H. Tanner.
"Mattie L. Lankford alleges that no title passed to Mrs. Holton by said sheriff's sale and that the Supreme Court did not hold that any title passed to her by said sale, and neither said Mrs. Holton nor either of those claiming under her ever had or now have any title whatever to any of the said lands, and said decrees that title be registered in them are void and of no force and should and will be set aside for these reasons, and because of the facts alleged by Mattie L. Lankford and to be alleged by her in the instant proceeding and by amendment in said proceeding filed on or about June 7, 1943.
"Because of these facts it will be necessary, and Mattie L. Lankford expects, to amend in several respects said proceeding filed on or about June 7, 1943, so as to set forth in detail the facts establishing the invalidity of said decrees.
"9. As shown in the instant case regardless of whether the half interest in said tract four claimed by Mattie L. Lankford is decreed registered or not, the said heirs of H. L. Lankford hold valid subsisting mortgages against said one-half interest in amount *Page 217 
far in excess of the value of said lands, and no one other than said heirs have any equity whatever in said lands.
"10. In the same decision of the Supreme Court in which it was held that Mattie L. Lankford is estopped and prevented from asserting any of her said rights or demands or claims to or against said tract known in this litigation as tract four, it was held that said heirs of H. L. Lankford are not so estopped. So, regardless of whether said holding of estoppel against Mattie L. Lankford is vacated, set aside, or modified, said holding as to said heirs, not having been excepted to, remains binding as the law of the case.
"11. In these circumstances because of said mortgages owned by said heirs, and by reason of the instant proceeding, and because cause of said proceeding filed on or about June 7, 1943, said tract four could not be sold for any reasonable amount under this petition for sale for partition. It would simply be sacrificed. In fact, those seeking these sales would buy it in for just whatever pittance they wished to offer.
"12. If said sale should be ordered and take place, a multiplicity of suits would arise.
"13. In these circumstances and for these reasons and under these facts Mrs. Rilza T. Holton never did own said lands, and those now claiming under her and seeking this sale never did, and do not now, own any part of said tract four.
"14. And in the event said decrees are not vacated and set aside, those seeking this sale for partition would not own the part of tract four owned by said heirs, and would not have any equity whatever in the one-half interest now claimed by them on which said heirs hold mortgages. In these circumstances and unfair, but would be illegal.
"Mattie L. Lankford furthermore alleges that Mrs. Holton and those claiming under her, including Mrs. Amanda Brice Tanner and J. H. Milhollin and N.E. Holton, are due the heirs of H. L. Lankford for trespass upon the one-half interest decreed in them an amount approximating if not exceeding the value of the one-half interest in said land claimed by said Mrs. Holton and said parties claiming under her, and for this reason they are not entitled to a partition of said tract four, even if it should be held that Mattie L. Lankford no longer has any interest therein. *Page 218 
"Wherefore, Mattie L. Lankford prays that she be restored as a party plaintiff in this proceeding, and that she here and now be made such party, and that said Rilza T. Holton and other defendants therein be restrained an enjoined as prayed in said original proceeding, and that they be enjoined from further proceeding with this petition for partition proceeding, or in any manner under said decrees so attacked by Mattie L. Lankford. W. C. Lankford, attorney for Mattie L. Lankford."
On July 16, 1943, the judge entered an order overruling "the within and foregoing motion . . on each and every ground thereof."
Mrs. Mattie L. Lankford then presented an additional or second petition and motion to be made a party to said proceeding, which second petition was as follows:
"And now comes Mattie L. Lankford and shows that:
"1. While she has been dismissed as a party in the pending proceedings and the question of whether she was properly dismissed or not was argued in the Supreme Court on last Monday (July 12, 1943), that in said oral argument and in written briefs filed in connection with said oral argument and as briefs in said case, Mrs. Holton and J. H. Milhollin and N.E. Holton repudiated and disclaimed any and all title for registration purposes to the lands herein involved, save and except such title as passed to Rilza T. Holton by reason of the sale of said lands under deed by reason of the loan from W. C. Lankford to B. H. Tanner, and for this reason said Mattie L. Lankford should again be made a party plaintiff in this proceeding, even though it should be held she was heretofore properly dismissed.
"2. By said declarations of disclaimer and repudiation, Mrs. Holton disclaimed and repudiated any and all title that was decreed in her by said final decree, save and except said title from W. C. Lankford to her under said loan deed sheriff sale; and if any title whatever passed to her by said sale other than by reason of said sheriff's deed, she having repudiated it and disclaimed it has waived and abandoned it, and such decrees of such title are no longer of force.
"3. Mattie L. Lankford alleges that said loan deed was void because of usury, and no title whatever passed to Mrs. Holton because of the sheriff's deed made as the result of the sale under said *Page 219 
loan deed, and this was held in this litigation when it was before the Supreme Court the first time, and was again so held in the said decision rendered June 13, 1943.
"4. For these reasons even if said decrees which are now involved in this litigation were good (which is denied) when directed, Mrs. Holton and those claiming under her, having abandoned any and all title thereunder, no longer has any such title.
"5. There are hereto attached as exhibit `A' some of said declarations of waiver, repudiation, and abandonment of said title made by Mrs. Holton and N.E. Holton and J. H. Milhollin in a reply brief which was handed counsel for Mrs. Lankford on said July 12, 1943, which affirms the said oral argument.
"Wherefore, Mattie L. Lankford prays that she be reinstated as a party, that the relief prayed for in the original petition be granted, and that Mrs. Holton, N.E. Holton, and J. H. Milhollin be enjoined from proceeding with either of said petitions for partition, or said decrees rendered when the judgment of the Supreme Court was made the judgment of the trial court in the decision rendered in this litigation on Jan. 13, 1943. W. C. Lankford, attorney for Mattie L. Lankford."
The foregoing second petition or motion of Mrs. Mattie L. Lankford to "be reinstated as a party" was overruled on all grounds on July 16, 1943. To both orders of this date, Mrs. Lankford excepted, the assignment of error as to each being as follows: "Said ruling was adverse to plaintiff in error, and she then and there excepted and now excepts and assigns the same as error and says that on the contrary the said motion and petition should have been sustained on each and every ground thereof and it should have been held that Mattie L. Lankford is vitally interested in said proceeding and in said land sought to . . be sold for partition and in said litigation concerning it and should be made a party thereto so that all questions of fact and of law concerning said land between the parties to said proceeding and said Mattie L. Lankford may be tried and determined in said proceeding and said Mattie L. Lankford should have been made a party thereto."
"A judgment of a court of competent *Page 220 
jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501.
The judgment of April 17, 1943, sustaining the demurrer and striking Mattie L. Lankford as party plaintiff from the petition filed by her and others on February 19, 1943, was binding upon her as to all matters that were put in issue, or that under the rules of law might have been put in issue in such petition, until and unless such judgment should be reversed or set aside, neither of which appears to have happened. The facts that certain cross-actions were later filed, and that certain statements were made by opposing counsel in briefs filed in the Supreme Court and in oral argument, in another phase of the litigation, which were construed by petitioner as an abandonment or repudiation of some former contention by them as to the nature of the title that was registered, did not operate to reverse or set aside the judgment of April 17, 1943, or constitute intervening material facts such as would alter the conclusive and binding force of such judgment; and this is true regardless of whether the statements were construed correctly or incorrectly by petitioner. None of these facts would affect or alter the legal rights or relation of the parties, so as to entitle her to be reinstated as a party plaintiff, in face of the judgment whereby she had been stricken. See Briesnick v. Briesnick, 100 Ga. 57 (28 S.E. 154);Hurt Building Inc. v. Atlanta Trust Co., 181 Ga. 274 (4) (182 S.E. 187). The case differs from Durham v. Crawford,196 Ga. 381 (26 S.E.2d 778), and similar cases, relating to new and material facts arising after judgment. CompareCarpenter v. State, 195 Ga. 434 (5) (24 S.E.2d 404). It is really controlled in principle by the decision in Lankford
v. Holton, supra, affirming the judgment of April 17, 1943, wherein it was held that the questions sought to be raised by Mrs. Lankford appeared to have been previously adjudicated against her, and that she could not litigate them again directly or indirectly. As to previous litigation regarding the same subject-matter, see 187 Ga. 94 (200 S.E. 243); 189 Ga. 506
(6 S.E.2d 304); 195 Ga. 317 (14 S.E.2d 292); 196 Ga. 434
(26 S.E.2d 834); 196 Ga. 631, supra.
Judgment affirmed. All the Justices concur. *Page 221