### 34438. LANKFORD *et al. v.* DOCKERY, executor, *et al.*

CARLISLE, J. 1. Where, by the terms of a decree to partition land by sale, dated April 16, 1945, which has been held to be valid on several occasions (*Lankford* v. *Milhollin,* 200 *Ga.* 512, 37 S. E. 2d, 197; *Lankford* v. *Milhollin,* 201 *Ga.* 594, 40 S. E. 2d, 376; *Lankford* v. *Milhollin,* 202 *Ga.* 264, 42· S. E. 2d, 640; *Lankford* v. *Milhollin,* 203 *Ga.* 496, 47 S. E. 2d, 73; and see generally *Lankford* v. *Holton,* 197 *Ga.* 212, 28 S. E. 2d, 747), it was provided that the high bidder at such sale (auction) is to be required to pay over to the partitioning commissioners fifty percent of the amount of his bid at the time of such auction, the remainder of the purchase price bid to be paid upon confirmation of the sale by the court, and the whole fund is to be held in court to await the outcome of an accounting suit pending between the tenants in common of the property to be sold, and subject to any judgment which may be rendered in such accounting suit, and subject to any valid lien which may be asserted against such fund in the accounting proceeding; and the partitioning commissioners, after duly advertising the property and the terms under which it is to be sold, offered the property for sale on May 1, 1951, and the plaintiffs in the accounting suit, who own a one-half undivided interest in .the land, through their attorney, offered the highest bid at the auction, but refused to pay over to the commissioners the requisite fifty percent of the amount of their bid on the ground that, as they would be entitled to one-half of the proceeds derived from such sale, there was no necessity to pay in to the commissioners fifty percent of their bid, and these facts were on the day of the auction reported by letter (which was never filed in the office of the clerk of the court) to the trial judge by the commissioners, and the trial judge, by letter, advised the commissioners on May 25, 1951, that, since there had been no compliance by the high bidder with the terms of the sale there was no action to be taken, and, where, on November 19, 1951, the plaintiffs in the accounting suit and high bidders at the auction (they being the same persons) filed a petition for the confirmation of the sale in which the facts related above are alleged—the trial court did not err in sustaining the general demurrer of the defendants in the accounting suit (plaintiffs in the partitioning proceeding), as the refusal to comply with the terms of the sale, which is shown on the face of the petition, constituted good ground for the court to refuse to confirm the sale. Although they could have done so on the various occasions indicated above, when the decree for partition by sale was under attack and held to be valid by the Supreme Court, it does not appear that the plaintiffs in the present proceeding to confirm the sale ever objected to· the provision of the decree that fifty percent of the amount of the highest bid should be paid over to the partitioning commissioners; and at this stage of the proceedings, whether right or wrong, this provision of the decree must be complied with as a condition precedent to the confirmation of the sale (*Lankford* v. *Milhollin,* 202 *Ga.* 264, supra), as the issue is res adjudicata.

2. Sales requiring confirmation by the court are not final or complete until

so confirmed (*Hall* v. *Taylor*, 133 *Ga.* 606, 66 S. E. 478; *Sims* v. *Ramsey*, 186 *Ga.* 732 (2), 198 S. E. 770); and there is nothing in any of the cases relied upon by counsel for the plaintiffs in error contrary to what is here held. In the case of Appeal of Jurkowitz, 359 Pa. 570 (59 Atl. 2d, 895), it appears that the requisite twenty-five percent cash, in the form of a certified check, was paid into court under the order so requiring, and the distributive shares of the heirs in the property were applied against the remainder of the purchase price after confirmation of the sale.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 26, 1953—REHEARING DENIED MARCH 11, 1953.

*W. C. Lankford,* for plaintiff in error.

*Moore & O'Berry, Geo. H. Mingledorff, Memory, Barnes & Memory,* contra.